IN THE

## Supreme Court of the State of Georgia,

### AT ATLANTA,

## JULY TERM, 1871.

PRESENT—O. A. LOCHRANE, CHIEF JUSTICE.
H. K. McCAY, } JUDGES.
HIRAM WARNER, }

THE GEORGIA COMPANY, plaintiff in error, *vs.* R. J. CASTLEBERRY, defendant in error.

A corporation, though of the same name with a partnership, doing business, by the same agent, before the date of the charter, is not the same person, and to make it liable for a debt due from the partnership, a parol promise by the president, without a new consideration, is not sufficient. There must be a writing, signed by the party to be charged, or by its agent expressly authorized, or it must be shown that the incorporation has received the consideration.

Corporations. Statute of Frauds. Before Judge KNIGHT. Lumpkin Superior Court. April Term, 1871.

In March, 1866, Castleberry conveyed his land to one Pride, but remained in possession ·and planted part of the land. Pride was agent for the Georgia Company, and had the headquarters of the company in Castleberry's residence. The hands, teams and wagons of the company destroyed the

fences and crops, and Castleberry called on Pride for payment. He promised to pay when in funds, but did not. Subsequently, this company was incorporated, under the same name, and Pride was made president of the corporation, and again promised to pay the demand. Upon his failing to do so, Castleberry sued the corporation. The evidence for plaintiff was as aforesaid. Pride testified that he made no such promises, and that Castleberry had no right to occupy said land, and, so far as he knew, had no crop destroyed.

The Justice dismissed the case, putting his judgment upon the ground that the corporation was not liable, under plaintiff's showing. Castleberry sued out a *certiorari*, and the judgment of the Justice was reversed and a new trial was ordered. This reversal and order are assigned as error.

GEORGE D. RICE AND R. N. QUILLIAN, for plaintiff in error. Said corporation not liable for debts of company, created before Act of incorporation : 1 Pick, 215 ; 27 Conn., 170; Ang. & A. on Cor., sec. 256 ; 17 Ga. R., 546 ; 4th, 578. Subsequent promise needs be in writing : R. Code, sec. 1940; Ang. & A. on Corp., 233 ; 13 Met., 543. Pride could not bind corporation, if president, without express authority : 1 Pick R., 215. No proof of his being agent: 40 Ga. R., 363.

JOHN A. WIMPEY, for defendant, said, the company having benefit of the wrong, it was presumed the corporation adopted its promise to pay : 7 Cranch, 307.

McCAY, Judge.

For all essential purposes, the "Georgia Company," doing business at the time this contract was made, and the corporation subsequently chartered and now sued, are separate and distinct. The former was a mere partnership, the members of which were each bound for the debt; the latter is a person—a nonentity—which gets its existence and responsibilities from the charter. Though the members of the part-

The Georgia Company *vs.* Castleberry.

nership and the members of the corporation be the same, yet the rights of the one and the other are different.

To make the company liable for the debt of the partnership, the same formalities are required as to make any individual liable for the debt of another. Such a contract must be in writing, signed by the party to be charged. There is no pretence of such a written undertaking, even if it were in the power of the president to so do. The assumption of a debt due by the old partnership, with no new consideration, is outside of the scope of the charter, and therefore outside of the scope of the president's duties, as they are derived from the nature of his office, and even a written contract promising to pay this debt would be of doubtful validity, unless there was special authority from the company.

We are aware that there are instances in which a corporation has been held liable for debts contracted before the date of the charter, but it will, we think, be found that these are all cases where the debt was contracted in the course of the organization, as debts forming part of the expenses or for the payment of the costs arising in procuring the charter, or where the company has, in fact, received the consideration.

There is nothing here except the single fact that the partnership was of the same name as the afterwards chartered company, and had the same agent and was engaged in the same business. It does not even appear that the one is the successor of the other, except in name.

Upon the whole, we think the Justice of the Peace was right, and that, under the facts as set forth in the answer, the chartered company was not liable for this debt.

Judgment reversed.