GLADDEN, sheriff, vs. DOZIER.   BRYAN vs. DOZIER.

1. In an action of trover where bail is required, if the sheriff fails to
   seize the property, arrest the defendant or take bond, as required
   by the statute, he cannot, by an order of c>urt. be charged as
   special bail, and have judgment entered against him as such bail
   along with the defendant in the suit.
2. In an action of trover, if an affidavit for the purpose of requiring
   bail was filed in the office of the clerk, but the latter attached the
   original, instead of a copy, to the declaration and process, it was
   not such a defect as entitled the defendant, on motion, to have the
   bail process dismissed.
3. The following instrument was given, accompanied by possession
   of the mule, which was then loaned to the maker of the instru-
   ment to make his crop for the year 1881 : '' Know all men by these
   presents that I (C. C. Dozier), for a good and valuable considera-
   tion to James L. Dozier, (who) has this day signed my note to
   Welch & Bacon for the sum of seventy-two dollars and ninety-one
   cents, as security; now in the event I fail to pay said note at ma-
   turity and the said James L. Dozier has it to pay, I promise and
   by these presents agree that one iron grey mule, about five years
   old and named Bill, shall be delivered to said James L. Dozier;
   and for and in consideration of five dollars to me in hand paid, I
   do by these presents deliver and convey to said James L. Dozier
   all right and title to said mule :''
   *Held*, that such instrument, consummated by actual delivery of pos-
   session, conveyed title, and was not a mere mortgage ; and trover
   could be maintained upon it against any one claiming to derive
   title from the party to whom the property had been bailed for a
   specific purpose, and who, according to the contract, was bound
   to restore it when the purpose for which it was bailed was accom-
   plished.
   (a.) It is not material to decide whether this was an absolute or con-
   ditional bill of sale, nor to consider the other questions made.
   September 18, 1883.

Sheriff.   Trover.   Practice in Superior Court.   Con-
tracts.   Mortgage.   Title.   Before Judge BOWER.   Cal-
houn Superior Court.   March Term, 1883.

Reported in the decision.

J. L. D. MONROE; J. G. PARKS ; J. H. LUMPKIN, for plain-
tiffs in error.

C. B. WOOTEN; J. J. BECK, for defendant.

HALL, Justice.

These cases, though here on separate bills of exceptions, grew out of the same suit and were heard together.

1. In the case of Gladden, sheriff, the only question made was whether, in an action of trover requiring bail, the sheriff, for failing to arrest the defendant or to seize the property sought to be recovered or to take bond as required by the statute, could, by an order of the court, be charged as special bail, and have judgment entered against him as such bail along with the defendant in the suit. This was done by the lower court, and was manifest error. 27 *Ga. R.*, 365. The judgment in this case is therefore reversed.

2. The other case presents two questions, viz: 1st. Whether attaching the original affidavit to hold to bail, after the same is filed in the clerk's office, instead of a copy thereof, to the declaration and process, as contemplated by Code, §3419, is such a defect as will entitle the defendant, upon motion, to have the bail process dismissed; and 2dly, whether the instrument in evidence vests title to the property in dispute in the plaintiff in trover, or gives him only a lien on it for his indemnity against liability; or, otherwise stated, whether it is an absolute bill of sale or a mortgage.

The original affidavit to hold to bail must have been filed in the clerk's office along with the declaration; the only failure to observe the directions of the statute was in attaching it, instead of a copy, to the process. While this proceeding for bail is not in derogation of common law, it is conceded that it is in derogation of common right, but this concession does not necessarily require a literal compliance with the requirements of the statute. Starnes, J., delivering the opinion of the court in *Sugar & Brother vs. Sackett, Davis & Potter*, 13 *Ga.*, 464, said, "If this be not, strictly speaking, a statute in derogation of the common law, it is, at all events, in derogation of common right;

and on this account, and others, perhaps, should be, in the proper sense of the term, strictly pursued.  Where a party is to be deprived of his liberty by the *ex parte* act of an-other, as well as 'to guard those who make the affidavit against any misconception of the law,' (Lord Ellenbor-ough in Taylor *vs.* Forbes, 11 East., 315) ' the leaning should be always to great strictness of construction.'  Now, while recognizing this principle, we insist upon giving it a reasonable application.

" That reasonable application to such a statute, requir-ing affidavit to be made, if the statute do not prescribe the form, but only directs what shall be the necessary elements of the affidavit, is, in our opinion, that there must be a substantial compliance with the requirements of the stat-ute according to its direct terms and clear import.  *Mayor, etc., vs. Hartridge,* 8 *Ga. R.,* 23.  That is to say, that the statute cannot be so construed as to allow a departure from its letter, which, though not within its import, is yet within its spirit; or so construed as to afford a remedy within its spirit which is not within its terms or import; and that, in this sense, ' it will not be extended further than re-quired by its letter.'  Lock *vs.* Miller, 3 Stew. & P., 14."

This was said in a case where the error in the proceed-ing was attributable to the party making the affidavit, but here the failure to comply strictly with the requirements of the law is chargeable to the clerk; the party had no agency in it.  At most, the omission is only trifling, and could work no possible injury to the defendant; the re-quirement is, besides, directory to the officer of the law, and the process as served, if not within the very terms, is clearly within the import of the statute.  The defect is merely formal, and all courts have inherent power to amend their process and order.  Code, §206, par. 6.  The motion to dismiss upon the ground taken was properly overruled.

3. The next question raised is somewhat more difficult. The instrument on which the plaintiff founds his right to recover is as follows:

"Know all men by these presents, that I, C. C. Dozier, for a good and valuable consideration to (evidently "from"), James L. Dozier, ("who" omitted), has this day signed my note to Welch & Bacon for the sum of seventy-two dollars and ninety-one cents, as security. Now in the event I fail to pay said note at maturity, and the said James L. Dozier has it to pay, I promise, and by these presents agree, that one iron-grey mule, about five years old, and named Bill, shall be delivered to said James L. Dozier; and for and in consideration of the sum of five dollars to me in hand paid, I do by these presents deliver and convey to said James L. Dozier all right and title to said mule. [Signed]     C. C. DOZIER."

"In presence of
        "H. MORGAN."

This loose and illy-drafted paper resembles in some respects that in the case of *Findley vs. Deal*,* which this court, at September term, 1882, with much misgiving, held to be a mortgage. In that case, there was a stipulation that the maker of the paper should retain possession of the property until a named date, when he might redeem it by paying to the other party the amount of the consideration for which it was made. This paper contains no such condition—at least, no such express condition. It is evident that the right to redeem might be implied from certain expressions in it, and from the nature of the transaction. The first part contemplates a future delivery, but the last clause requires a present delivery. That it was the intention of the parties, however, that the delivery should be immediate, is made clear by the evidence on the trial. It was shown that the plaintiff, immediately upon the execution of the paper, took possession of the mule and held it for several days, when he loaned to C. C. Dozier to make his crop in the year 1881, at the end of which time it was to be returned. It was further shown that the plaintiff had paid the debt to Welch & Bacon, and had never been reimbursed the amount.

*69 *Ga.*, 359. Compare also *Cully vs. Bloomingdale, Rhine & Co.*, 68 *Ga.*, 756.

Whether this is an absolute or conditional bill of sale, is immaterial so far as concerns the present action. The question is, did it convey title to plaintiff? Our opinion is that it did; and the plaintiff having such title consummated by actual delivery of possession, could maintain trover against any one claiming to derive title from a party to whom it had been bailed for a specific purpose, and who,. according to the contract, was bound to restore it when the purpose for which it was bailed was accomplished. *Biggers vs. Bird,* 55 *Ga.,* 650.

Under this view, it is unnecessary to consider other questions made in the record.

Judgment reversed in first case, and affirmed in last.