## JORDAN *v.* DOOLY.

1. The rule that the first grant of a new trial will not be disturbed except where the verdict is demanded by the evidence is applicable to a case where two successive verdicts have been rendered, one for the plaintiff and the other for the defendant, and where in each instance a new trial was granted.
2. The evidence was conflicting, and the judge did not abuse his discretion in vacating the verdict and granting a new trial.

Argued June 18,—Decided October 8, 1907.

Complaint for land. Before Judge Brand. Banks superior court. November 7, 1906.

*C. R. Faulkner* and *F. M. Johnson,* for plaintiff in error.

*J. C. Edwards, J. J. Bowden,* and *A. J. Griffin,* contra.

Evans, J. The case was complaint for land, and the paramount issue was whether two of the plaintiff's muniments of title were void for usury. The evidence upon this point was conflicting. The jury returned a verdict for the defendant, and the court granted a new trial. The bill of exceptions complains of this judgment. It appears from the record that the case was tried at a previous term of the court, and resulted in a verdict for the plaintiff, which was set aside on motion for new trial. Counsel for plaintiff in error insist that there is no merit in the various grounds of the motion; and that as this is the second verdict which has been rendered in the case, the court abused his discre-

tion in ordering a new trial. .It is true that this is the second verdict, but it is not the second. *concurrent* verdict. The reason of the rule that a second concurrent verdict (where no error of law has been committed) should not be disturbed, except in cases where the verdict is strongly and decidedly against the weight of the evidence, and manifestly wrong, is that the jury are the judges of the facts, and when these arbiters have twice spoken, their conclusions should not be lightly set aside. *Dethrage* v. *Rome,* 125 *Ga.* 806 (54 S. E. 654), and cases cited. But where the verdict is for one litigant, and that is set aside, and the next verdict is for the other litigant, the last verdict, instead of having the endorsement and approval of the first, is actually repugnant thereto. Hence the rule that the first grant of a new trial will not be disturbed, except in cases where the verdict is demanded by the evidence, is applicable to a case where two successive verdicts have been rendered, one for the plaintiff and the other for the defendant, and where in each instance a new trial has been granted. The evidence in the case at bar upon the controlling issue was in hopeless conflict, and the judge did not abuse his discretion in granting a new trial.

*Judgment affirmed. All the Justices concur.*