### 3929.   OWENS *v.* COCROFT.

HILL, C. J.  The first grant of a new trial will not be disturbed by the Court of Appeals unless the plaintiff in error shows that the law and the facts require the verdict notwithstanding the judgment of the presiding judge. Civil Code (1910), § 6204; *Hughes* v. *Atlanta Steel Co.,* 9 *Ga. App.* 510 (71 S. E. 934), and cases cited. This rule applies though two new trials have been granted, one to the plaintiff and the other to the defendant. *Jordan* v. *Dooly,* 129 *Ga.* 392. In this case the bill of exceptions and the record fail to show that the verdict rendered was demanded by the law and the evidence, and the judgment granting a new trial must be                                              *Affirmed.*

DECIDED JUNE 5, 1912.

Appeal; from Putnam superior court—Judge J. B. Park.  November 17, 1911.

*M. C. Few, M. F. Adams,* for plaintiff.

*W. T. Davidson,* for defendant.

---

### 3944.   PATTERSON *v.* BANK OF LENOX.

HILL, C. J.  This was a suit against several defendants, as alleged makers of a promissory note. The defense relied upon by the plaintiff in error was that the note was not binding upon her, for the reason that she was only a surety and was a married woman at the time she signed the note as such. *Held:* The evidence demanded a finding in favor of this plea, and the verdict against the plaintiff in error was unauthorized. Civil Code (1910), § 3007.                                      *Judgment reversed*

DECIDED JUNE 5, 1912.

Complaint; from city court of Nashville—Judge Lankford. January 8, 1912.

*Alexander & Gary,* for plaintiff in error.

*J. P. Knight, J. Z. Jackson, Knight, Chastain & Gaskins,* contra.