5354.  BLUDWINE BOTTLING CO. *v.* CROWN CORK & SEAL CO.

RUSSELL, C. J.  1. Identity of name does not necessarily import identity of interest, or of liability. The fact that the particular corporate name granted to a corporation created by the superior court is identical with a trade name or device used by one or more persons doing business under that name is not of itself sufficient to support the inference that the corporation in question is liable upon the contracts of the individual or individuals who used the trade name prior to its incorporation. Where the prior user of the trade name or device subsequently conferred upon a corporation as its corporate name and style is a partnership, the rule is as follows:  A corporation, though of the same name as a partnership transacting the same business prior to the act of incorporation, is not the same person; and to make it liable for ·a debt due by the partnership, there must be a writing signed by the party (the corporation) to be charged therewith, or by its agent expressly authorized, or it must be shown that the corporation received the consideration for which the indebtedness was incurred. *Georgia Co.* v. *Castleberry*, 43 *Ga.* 187.  This rule should not be varied if in fact the undisclosed user of the name was only one person instead of a partnership composed of two or more.

2. In proof of its account the plaintiff introduced books of account in use by the defendant, which showed entries corroborative of the various items appearing upon the account in suit.  It appeared, however, from the evidence, that the defendant corporation was not chartered until March 1, 1911, and items amounting to $211.60 of the amount claimed by the plaintiff were charged or entered prior to that date, beginning November 15, 1911.  There was no proof of when or by whom the book was purchased, or how it came into the possession of the corporation, nor any evidence that the defendant corporation received the several articles charged thereupon, except the circumstance that this book was in its custody.  Nor was there any evidence that there was any privity between the defendant corporation and the person or persons who previously traded under the name and style of the "Bludwine Bottling Company," if any person or persons did in fact use this trade name. ·*Held:* The verdict was contrary to the evidence and without evidence to support it.  The mere introduction of books of account used by the corporation, and which apparently had been used by some other person or persons prior to the incorporation of the defendant, and the fact that certain items of the account sued upon were entered on these books, without more, is not sufficient proof, under the rule stated in the preceding paragraph, to authorize a verdict against the corporation for that portion of the account which apparently was contracted prior to the acceptance of its charter and the organization of the corporation thereunder.  *Judgment reversed.*

DECIDED JANUARY 20, 1914.  REHEARING DENIED FEBRUARY 4, 1914.

Complaint; from city court of Macon—Judge Hodges.  October 18, 1913.

*Mallary & Wimberly,* for plaintiff in error.
*Hardeman, Jones, Park & Johnston,* contra.