## WILKES *et al.*, executors, *v.* DIXIE COTTON COMPANY.

1. The auditor's finding of fact was in accord with the evidence set out in the exception thereto, and the exception was properly disapproved.
2. The right of action given by the Civil Code (1910), § 4126, to a planter for the recovery of cotton sold on cash sale but not paid for, is to a planter who owns the cotton, and not to a planter who sells the cotton as the agent of another, even though his principal be his tenant.

JUNE 23, 1915.

Exceptions to auditor's report. Before Judge Hawkins. Laurens superior court. May 23, 1914.

*J. S. Adams,* for plaintiffs. *Davis & Sturgis,* for defendant.

EVANS, P. J. The action is in trover, brought by Ruthie M. and Walter Wilkes, as executors of John Wilkes, against the Dixie Cotton Company, to recover 16 bales of lint-cotton. The case was referred to an auditor, who reported, that the plaintiffs, on December 10, 1911, sold the cotton described in the petition to one E. M. Lott, upon a cash consideration; that Lott gave to the executors in payment for the cotton a draft, which was never paid; that Lott sold the cotton to the defendant; that one of the executors, acting for both, sold the cotton to Lott at nine cents per pound, and to the aggregate amount of $711.18; that in the transaction the executors sold the cotton for their tenants and were acting for them in its sale; that the tenants were indebted to the estate for rents and supplies in an amount equal to that which the cotton brought at the sale to Lott, which sale was made by one of the executors, acting for both, with the consent and approval of the tenants; and that the executor credited the rent notes and supplies account of the tenants with the amount which the cotton brought. The auditor further found that under these facts the plaintiffs did not have such title as would authorize them to recover the cotton, or the value thereof, from the defendant. The plaintiffs filed exceptions of fact and of law, both of which were overruled, and they bring error.

1. There was no error in overruling the exception of fact. A careful comparison of the evidence contained in the exception, as demanding a contrary finding, with the report of the finding of fact by the auditor, leads us to the conclusion that the evidence demanded the finding of the auditor.

2. The action is predicated upon the Civil Code (1910), § 4126, which declares that cotton and other agricultural product sold by

planters on cash sale shall not be considered as the property of the buyer until fully paid for, although it may have been delivered to the buyer. Under this section, where there is a delivery of cotton by a planter on cash sale, the title to the seller remains undivested until payment in full of the purchase-price, and may be asserted by him even as against a bona fide purchaser from his vendee. *Flannery* v. *Harley,* 117 *Ga.* 483 (43 S. E. 765). A "planter," as used in this section, is one who is engaged in the business of producing crops from the soil; and it is immaterial whether he sows and reaps with his own hand, or the hand of a tenant, or the hand of a cropper, or the hand of hired labor. He may avail himself of the protection of this section in any cash sale of cotton grown on his land, which he may have acquired by purchase from his tenants. *Butler* v. *Georgia & Alabama Railway,* 119 *Ga.* 959 (47 S. E. 320). If the landlord in this case had purchased the cotton from his tenants, in payment of his lien for rent and supplies, there can be no question that he would have the right to recover in the present action. But the transaction had with his tenants did not clothe him with the title to the cotton. The landlord sold the cotton as the agent of the tenants, and, after the sale, believing that the draft would be paid, he credited the accounts of the tenants with the amounts represented by their respective shares in the purchase-price. The tenants never parted with their title to the landlord. He was simply their agent in conducting the sale; and the right to recover, according to the undisputed facts, is in the tenants, and not in the landlord. The statute is for the benefit of planters who sell their own crops, and is not applicable to a case where one sells the crop of another as agent, even though that other be his tenant.          *Judgment affirmed.   All the Justices concur.*