8051. CENTRAL OF GEORGIA RY. CO. *v.* MACON RY. & LIGHT CO.

WADE, C. J. 1. "The first grant of a new trial will not be disturbed by the Supreme Court, unless the plaintiff in error shows that the judge abused his discretion in granting it, and that the law and facts require the verdict notwithstanding the judgment of the presiding judge." Civil Code, § 6204.
2. "The rule that the first grant of a new trial will not be disturbed except where the verdict is demanded by the evidence is applicable to a case where two successive verdicts have been rendered, one for the plaintiff and the other for the defendant, and where in each instance a new trial was granted." *Jordan* v. *Dooly,* 129 *Ga.* 392 (58 S. E. 879).
3. "Where the verdict was not demanded by the law and evidence, the Supreme Court will not disturb the first grant of a new trial, though it was upon a single ground, nor will it determine whether the trial court was right in granting the motion on a special ground. This is a rule without an exception." *Smith* v. *Maddox-Rucker Banking Co.,* 135 *Ga.* 151 (68 S. E. 1031). See also *Smith* v. *Maddox-Rucker Banking Co.,* 8 *Ga. App.* 290 (68 S. E. 1092).
4. The burden was upon the plaintiff to show "that the proximate cause

of the injury to the plaintiff's employee, for which it has already been mulcted in damages, was the result of positive wrongful acts and negligence upon the part of the defendant in the instant case, and that the plaintiff had not participated in these wrongful acts and was not a mere joint tort-feasor in the sense that it had been guilty with the defendant of the same or like negligence which resulted in causing the fatal injuries." *Central of Georgia Ry. Co.* v. *Macon Ry. &c. Co.*, 140 *Ga.* 309, 318 (78 S. E. 931).

(*a*) Negligence being for determination by the jury, except where specifically defined and so classified by law, and the determination as to what was the proximate cause of the injury, out of which this suit originated, being a question of fact dependent upon the construction or interpretation of some of the evidence, it is impossible for this court to say as a matter of law, and without usurping the functions of the jury, that but one verdict could have been returned, and that this verdict was the one set aside by the grant of the motion for a new trial upon the application of the defendant.

*Judgment affirmed.    George and Luke, JJ., concur.*
Decided July 23, 1917.

Action for damages; from Bibb superior court—Judge Mathews. August 28, 1916.

*Jordan & Lane,* for plaintiff.

*Hatcher & Smith, John R. L. Smith, G. C. Harris,* for defendant.