### 9420.   NATIONAL BANK OF TIFTON v. PILAND.

PER CURIAM.   This was an action in trover, growing out of the following facts: The plaintiff, a farmer, sold to Parrish, a cotton-buyer, for a cash consideration, a bale of lint cotton, weighing 512 pounds, the purchaser giving his draft on Savannah for it and loading the bale in a car with many other bales, bought from other persons, among whom was one Stubbs, to whom also he gave a draft upon Savannah. Both drafts were deposited in bank and were presented for payment. Stubbs was advised by wire that the draft given to him had been dishonored, and he sued out bail-trover against Parrish, causing the car of cotton to be seized. Thereafter Stubbs, Parrish, the levying officer, and the railroad agent agreed that the car of cotton should be shipped to Savannah, and at the request of Parrish the railroad company issued its bill of lading to the National Bank of Tifton, which had no notice of the transaction. Parrish and Stubbs then presented to that bank the bill of lading, with attached draft on Savannah for $3,300. The bank collected the draft and paid Stubbs $2,000, and credited the balance to the account of Parrish. The plaintiff thereupon made demand on the bank for his bale of cotton; the demand was refused, and he instituted this action against it. At the conclusion of the evidence adduced at the trial (which is substantially stated above) the court directed a verdict for the bank. The plaintiff made a motion for a new trial, which was granted. *Held:*

1. The universal rule of the appellate courts of this State that they will not disturb a first new trial, unless it is made to appear that no other verdict than .the one rendered could possibly have been returned under

the law and facts of the case, applies in the instant case, for the follow-ing reasons:

(a) In compliance with the provisions of the Civil Code (1910), § 4126, relative to trover actions, the plaintiff proved the following facts: (a) That he was a farmer, and that the bale of cotton was the product of his labor; (b) that the sale of the cotton was for cash, and that he was not paid for it; (c) that the property went into the possession of the defendant, either as principal or as agent of another, who had no title to it; (d) demand and refusal to surrender or pay the profits thereof; (e) the value of the property; all of which facts were uncon-tradicted, the defendant contenting itself with the defense that it was a gratuitous bailee, and therefore not liable.

(b) "Whoever meddles with another's property, whether as principal or agent, does so at his peril, and it makes no difference that in doing so he acts in good faith, nor in case of an agent, that he delivers the prop-erty to his principal before receiving notice of the claim of the owner. If an agent takes the property of another without his consent and delivers it to the principal, it is a conversion, and trover will lie for the recovery of the property or for damages, as the plaintiff may elect." *Flannery* v. *Harley,* 117 *Ga.* 483, 485.

(c) "An agent, who for and in behalf of his principal takes the property of another without the latter's consent, is as to him guilty of a con-version, although, being ignorant of the true owner's title, the agent may have acted in perfect good faith; and such agent may be sued in trover for the property, even after his delivery of it to his principal." *McConnell* v. *Prince,* 12 *Ga. App.* 54, and numerous cases there cited. This principle has been followed in the late decisions of *Coley* v. *Dortch,* 139 *Ga.* 239; *Wilkes* v. *Dixie Cotton Co.,* 143 *Ga.* 588, 589; *Ocean Steamship Co.* v. *Southern States Naval Stores Co.,* 145 *Ga.* 798.

2. The judgment granting a new trial, is therefore

            *Affirmed. Wade, C. J., and Jenkins and Luke, JJ., concur.*

                 DECIDED JULY 10, 1918.

Trover; from Tift superior court—Judge Eve. December 5, 1917.

*Fulwood & Hargrett,* for plaintiff in error.

*J. S. Ridgdill,* contra.