## 14555. WEBB *v.* BLAKE.

BELL, J. 1. The delivery of personal property by a parent into the exclusive possession of a child living separate from the parent creates a presumption of a gift to the child. But this presumption may be rebutted by evidence of an actual contract of lending, or circumstances from which such a contract may be inferred. Civil Code (1910), § 4150.

2. This was an action of trover in the municipal court of Atlanta for the recovery of a diamond delivered by the plaintiff into the possession of her son in the year 1916, when he resided with her in Massachusetts. He located in Georgia in 1918, bringing the diamond with him. In 1920 he became engaged to be married to the defendant, delivering to her the diamond under circumstances warranting the conclusion of a gift. She continued in possession of the diamond until 1922, when the plaintiff visited her son in Atlanta and learned for the first time that the diamond was in the possession of the defendant, or that her son had parted with it. In the meantime he and the defendant had each married, but not to each other. The plaintiff made a demand on the defendant for the diamond, and, the demand being refused, instituted the present action. The defendant contended upon the trial that the plaintiff had given the ring to her son, and that through him the defendant had acquired title. The plaintiff testified by depositions that she did not deliver the ring to her son as a gift, but merely as a loan. Her testimony was not disputed or discredited either directly or by the proved circumstances. Whether this was also true of the evidence of her son, who testified in her behalf, is immaterial, although, be it said, his testimony corroborated the contentions of the plaintiff. *Held,* that, irrespective of the good faith of the defendant and of whether the

plaintiff's son had undertaken to convey to the defendant the absolute title, the presumption referred to in the above-mentioned code section was conclusively rebutted by the undisputed testimony of the plaintiff, showing that the diamond was hers, and that she had delivered it to her son as a loan and not as a gift. The verdict found for the defendant, therefore, was unauthorized. The judge of the superior court erred in overruling the certiorari. *Gladden* v. *Dozier,* 71 *Ga.* 380 (3) ; *Georgia Railway & Power Co.* v. *Peck,* 17 *Ga. App.* 652 (88 S. E. 33) ; *National Bank of Tifton* v. *Piland,* 22 *Ga. App.* 471 (1) (96 S. E. 341) ; *Farkas* v. *Williams,* 22 *Ga. App.* 686 (97 S. E. 89) ; *Taylor* v. *Wilkins,* 22 *Ga. App.* 723 (97 S. E. 101).

　　*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*

　　　　　　　DECIDED OCTOBER 12, 1923.

Certiorari; from Fulton superior court—Judge Bell. April 10, 1923.

*Jackson & Echols,* for plaintiff.

*Key, McClelland & McClelland,* for defendant.