## 15826. MAYS *v.* MAYS.

BELL, J. 1. Where a verdict was directed by the court upon the first trial of a case, and a judgment refusing a new trial to the losing party was reversed upon the ground, among others, that the direction of the verdict was error, the grant of a new trial by the presiding judge after verdict found by the jury at the new trial, without direction, *being the first judgment setting aside an actual finding of the jury,* is subject to the rule that the first grant of a new trial will not be disturbed except where the verdict is demanded by the evidence, notwithstanding the second verdict was in favor of the same party and to the same effect as

the first one. See, in this connection, *Jordan* v. *Dooly,* 129 *Ga.* 392 (58 S. E. 879).

2. The grant of the motion for a new trial, to which exception is taken in the instant writ of error, having been awarded under the circumstances stated in the preceding paragraph, was the equivalent of a first grant, within the meaning of the rule as laid down in the Civil Code, § 6204, and, the verdict not having been absolutely demanded by the evidence, "this court, without undertaking to make any adjudication with respect to the reason assigned by the trial judge as the basis of his action, will affirm the judgment" (*Carr* v. *Carr,* 157 *Ga.* 208); and this would be true even though it should appear that "the presiding judge considered irrelevant, immaterial and improper matter in passing upon the motion." *Hawk* v. *Western & Atlantic Railroad,* 20 *Ga. App.* 395 (2) (93 S. E. 40).

3. It was not necessary to the conclusions reached in *Cloud* v. *Hawkes Co.,* 18 *Ga. App.* 772 (90 S. E. 652), and *National Bank* v. *Piland,* 22 *Ga. App.* 471 (96 S. E. 341), to classify the judgments granting the new trials in these cases respectively as first grants, under the Civil Code (1910), § 6204, since in each of them the trial judge had committed error in directing a verdict, and the grant of a new trial was required in order to correct that error. Therefore, so much of the language in each of these decisions as undertook to classify the judgment granting the new trial as a first grant was obiter, and, being now deemed unsound, will not be followed.

*Judgment affirmed. Jenkins, P. J., concurs. Stephens, J., concurs in the judgment.*

DECIDED DECEMBER 18, 1924.

Appeal; from Butts superior court—Judge Persons. June 11, 1924.

*W. E. Watkins, J. T. Moore, Reagan & Reagan, Horace & Frank Holden,* for plaintiff.

*R. R. Arnold, C. L. Redman, H. M. Fletcher,* for defendant.