### 20575. STONE *v.* ELDER.

DECIDED JANUARY 16, 1931.

    *Noah J. Stone,* for plaintiff in error. *D. K. Johnston,* contra.

    BELL, J. Two trials of this case have been had in the municipal court of Atlanta. On the first trial the court rendered a finding and judgment in favor of Elder, the plaintiff. Stone, the defendant, made a motion for a new trial, which was overruled by the trial judge, but which was granted upon an appeal to the appellate division. The next trial resulted in favor of the defendant. The trial court granted the plaintiff's motion for a new trial, and this

judgment was affirmed by the appellate division on appeal and by the superior court on certiorari. The defendant then brought the case to this court upon the sole complaint that the trial judge erred in granting the new trial to the plaintiff.

1. It would seem that the defendant is concluded by the provisions of section 42 (a) of the act of 1925 (Ga. L. 1925, p. 370), relating to procedure in the municipal court of Atlanta, and declaring that "should the court grant said motion upon any ground, there shall be no appeal from such judgment granting a first new trial and the case shall stand for a new trial de novo." While a new trial had previously been granted to the defendant, the judgment appealed from in the present case was the granting of a "first new trial" to the plaintiff within the meaning of the provision quoted. *Jordan v. Dooly*, 129 *Ga.* 392 (58 S. E. 879). Moreover, the general rule is that the grant of a first new trial to either party will never be reversed by this court unless the verdict was absolutely demanded by the evidence, and this rule is applicable to cases originating in the municipal court of Atlanta. *National Union Fire Ins. Co. v. Ozburn*, 38 *Ga. App.* 276 (143 S. E. 784); *Connally Realty Co. v. Nalley*, 38 *Ga. App.* 292 (2) (143 S. E. 786).

But it is contended by the defendant (the plaintiff in error) that since the first trial resulted in a judgment for the plaintiff, followed by the granting of a new trial to the defendant by the appellate division, without any exception or appeal therefrom by the plaintiff, such grant by the appellate division amounted to an adjudication that the plaintiff was not entitled to recover, and that as a matter of law the defendant should have prevailed. Whether in the circumstances the judgment granting such new trial amounted to any sort of adjudication as to the further rights of the parties (*Cox v. Snell*, 77 *Ga.* 469; *Couch v. White*, 18 *Ga. App.* 198 (2), 89 S. E. 183), the judgment would in no event have adjudicated more than that a verdict for the plaintiff was not demanded as a matter of law, and it could not have had the effect of determining at the same time that a finding for the defendant was so demanded. *Mays v. Mays*, 33 *Ga. App.* 335 (2) (126 S. E. 299); *Drake v. Ludden & Bates*, 40 *Ga. App.* 312 (149 S. E. 306). Theoretically, there may be a middle ground where a verdict or finding for either party would be authorized according to the view to be taken of the

evidence, but where the evidence would not demand a verdict in favor of either as a matter of law.

Thus, the judgment of the appellate division sustaining the defendant's appeal and setting aside the judgment rendered for the plaintiff on the first trial can not properly be claimed by the defendant as a reason why a new trial should not have been granted to the plaintiff, after judgment for the defendant upon the second trial, even though the evidence was substantially the same upon both trials.

2. The provisions of section 42 as quoted above would apparently prevent an appeal from a judgment granting a first new trial, irrespective of whether the verdict or judgment might have been demanded by the evidence. But without deciding whether such is the meaning of that provision, we think that the judgment for the defendant was not demanded, or, in other words, that a judgment for the plaintiff would have been authorized, and, in this view, an affirmance of the judgment refusing the certiorari necessarily results.

The following were the facts as developed by the evidence. The defendant was sued upon a promissory note and pleaded a discharge in bankruptcy. It appeared that he was adjudicated a bankrupt on July 20, 1925, and obtained his discharge on October 3 of the same year. The defendant did not schedule the plaintiff as one of his creditors. The plaintiff, however, was personally notified, and thus acquired actual knowledge of the bankruptcy, in March 1926. It is contended by counsel for the defendant that this evidence shows conclusively and as a matter of law that the plaintiff obtained actual knowledge of the bankruptcy within the twelve months' period allowed for the filing of claims, and also within such time as to afford to the plaintiff an equal opportunity with other creditors to participate in the administration of the estate and to share in dividends; and upon this theory it is insisted that a verdict or finding in the defendant's favor was absolutely demanded.

If counsel is correct as to the effect of the evidence, it is true that a verdict or finding in favor of the defendant would have been the only proper termination of the case. *Bell* v. *Georgia Chemical Works*, 33 *Ga. App.* 286 (125 S. E. 871). But counsel apparently ignore the fact that the plaintiff's knowledge of the bankruptcy was not acquired until after the defendant obtained his discharge,

and since this was true, the plaintiff had no equal opportunity to participate in the administration of the estate, although knowledge of the bankruptcy was brought home to him within the period of one year allowed for the filing of claims. In Birkett *v.* Columbia Bank, 195 U. S. 345 (25 Sup. Ct. 38, 49 L. ed. 231), it was held by the United States Supreme Court that knowledge of bankruptcy proceedings on the part of a creditor which was not acquired until after the bankrupt's discharge, though within the time allowed for proving claims, is not such actual knowledge of the proceedings in bankruptcy as will cause the discharge to operate as a release from debts that have not been scheduled. Under the law as thus declared, the trial judge was at least authorized to hold that the finding and judgment in favor of the defendant was not as a matter of law demanded, and in any view was warranted in granting a new trial to the plaintiff.

In the *Bell* case as cited above, it appears from the record of file in this court that the plaintiff acquired knowledge of the bankruptcy long before the defendant had obtained the discharge. The two cases are therefore materially different. The judge of the superior court did not err in refusing the certiorari.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*