26169. SCHIEFER *v.* DURDEN.

DECIDED JULY 8, 1937.

*A. S. Bradley, R. H. Humphrey,* for plaintiff in error.

*G. H. Williams, Felix C. Williams, George L. Smith,* contra.

STEPHENS, P. J.   1.   "The rule that the first grant of a new trial will not be disturbed except where the verdict is demanded by the evidence is applicable to a case where two successive verdicts have been rendered, one for the plaintiff and the other for the defendant, and where in each instance a new trial was granted." *Jordan* v. *Dooly,* 129 *Ga.* 392 (58 S. E. 879).

2.   This being a suit for personal injuries alleged to have been received by the plaintiff as a result of a collision between the automobile which he was driving along a public thoroughfare and the automobile which the defendant was driving, it being alleged that the plaintiff's injuries were proximately caused by the negligence of the defendant in operating the automobile at a negligent rate of speed and on the defendant's left side of the road, and while there was abundant evidence from various witnesses from which it could be inferred that the plaintiff was operating his automobile while in a drunken condition, that he zigzagged from one side of the road to another, that at the time of the collision the plaintiff's automobile was on his left side of the road, that the defendant's automobile was being operated on the defendant's right side of the road, that the defendant, when observing the automobile of the plaintiff approaching, deflected her automobile to the left in order to avoid a collision, that if the defendant had deflected her automobile to the right the collision would not have been avoided, and therefore that the verdict for the defendant was authorized by the overwhelming weight of the evidence, the inference was nevertheless authorized that the plaintiff, at the time of the collision, was not drunk or under the influence of intoxicants, that he was operating his automobile on his right side of the road, that the automobile of the defendant was approaching the plaintiff while it was on the defendant's left side of the road, and that the injuries received by the plaintiff were proximately caused by

the negligence of the defendant. The evidence was sufficient to authorize a verdict for the plaintiff, and the verdict for the defendant was not demanded as a matter of law.

3. Notwithstanding a verdict for the plaintiff on a former trial had been set aside by the trial judge on the defendant's motion for a new trial, the judgment granting to the plaintiff a new trial in the present case is the first grant of a new trial to the plaintiff. Since the first grant of a new trial to one party will not be disturbed where the verdict rendered was not demanded as a matter of law, the judgment granting a new trial in the present case, which is expressly predicated by the trial judge on the discretionary grounds, is affirmed.

*Judgment affirmed. Sutton and Felton, JJ., concur.*