JONES *et al. v.* J. S. H. COMPANY *et al.*

756

No. 15229.   SEPTEMBER 10, 1945.

*Spence & Spence,* for plaintiffs in error.

*Mitchell & Mitchell,* contra.

JENKINS, Presiding Justice. ■ "Transactions between husband and wife and near relatives, to the prejudice of creditors, are to be closely scanned and their bona fides clearly established. *Booher* v. *Worrill,* 57 *Ga.* 235; *Smith* v. *Wellborn,* 75 *Ga.* 799; *Gray* v. *Collins,* 139 *Ga.* 776, 780 (78 S. E. 127). . . Whenever a transaction is between husband and wife, and the creditors of the husband attack it for fraud, if the wife claim the property purchased or received from her husband, the onus is on her to make a fair showing about the whole transaction. Code, § 53-505; *Richardson* v. *Subers,* 82 *Ga.* 427 (9 S. E. 172); *Strickland* v. *Jones,* 131 *Ga.* 409 (62 S. E. 322); *Gill* v. *Willingham,* 156 *Ga.* 728 (4) (120 S. E. 108). The mere introduction of a conveyance from the husband to the wife would not shift the burden from her to the plaintiff, the burden being on her to show that the whole transaction was fair. *Simmons* v. *Realty Investment Co.,* 160 *Ga.* 99 (127 S. E. 279). . . Conveyances may be fraudulent as to subsequent creditors as well as existing creditors, if made with intent to defraud. *First National Bank of Cartersville* v. *Bayless,* 96 *Ga.* 684 (23 S. E. 851); *Lane* v. *Newton,* 140 *Ga.* 415 (2) (78 S. E. 1082); *Almand* v. *Thomas,* 148 *Ga.* 369 (6) (96 S. E. 962); *Cohen* v. *George,* 149 *Ga.* 701 (101 S. E. 803); *Duncan* v. *Freeman,* 152 *Ga.* 332, 334 (110 S. E. 5); *Sullivan* v. *Ginsberg,* 180 *Ga.* 840, 845 (181 S. E. 163)." *State Banking Co.* v. *Miller,* 185 *Ga.* 653, 655 (196 S. E. 47).

(a) Under the foregoing rulings, the court did not err in overruling the demurrer as to the prayers of the petition asking that the stock in the plaintiff corporation and the two other corporations be decreed back into the defendant Jones, that a lien be established thereon in favor of the plaintiff corporation to protect the judgment rendered herein, and that in the meantime Mrs. Jones be restrained from transferring said stock. See paragraph 7 of the auditor's report.

(b) So far as we have been able to find from the voluminous evidence, there is nothing to indicate that Mrs. Jones had knowledge of, or in any wise personally participated in, any wrongful acts and doings of the defendant Jones, nor have counsel pointed

out any to us. Her entire connection with the case appears to be that she merely became the recipient of the stock voluntarily assigned to her by her husband. Accordingly, we think that the personal judgment against her is unauthorized by the evidence, and so hold. See paragraphs 44, 45, and 46 of the auditor's report.

■ In the hearing before the auditor, the defendant Jones sought to establish certain credits as an offset to the claims of the plaintiffs, which arose out of transactions prior to the organization of the plaintiff corporation while the stockholders were operating the same business as a partnership. These alleged credits the auditor refused to allow, on the theory that, whether the claims were good or bad, they could not be thus set up in reduction of the plaintiffs' claims. In this respect we think that the finding of the auditor was erroneous. Here the members of a solvent partnership, engaged in the development and sale of land into residential lots, joined in the organization of a solvent corporation, to which they transferred all the partnership assets, including equities in realty held under bonds for title; and, under such merger, without any other consideration being paid or other capital invested, stock in the corporation was issued to the partners in exactly the same proportion in which they had been interested as partners, and the corporation continued the operation of the former business without interruption and under the same management, the partnership at the same time ceasing to do business. Under such circumstances, in the absence of any understanding to the contrary, it would be presumed that such a new and solvent organization would be answerable for such claims as the previous partnership might have owed to its own members. In a case where the rights of third-party creditors are involved, a different rule has been stated. Under those holdings, it has been said that a merger of a partnership into a corporation and the assumption by the corporation of debts owing third parties by the previous partnership do not ordinarily affect the rights or status of outside creditors. Under this view, and in the absence of consent by such creditors to the valid assumption by the corporation of their claims and the substitution of liability therefor, such incorporation and assumption of liability neither bar the claims of creditors against the partnership and its members or against the partnership assets, nor create an enforceable obligation in favor of

such creditors against the corporation. *Mobley* v. *Hagedorn Construction Co.* 168 *Ga.* 385, 397 (147 S. E. 890); *Georgia Co.* v. *Castleberry,* 43 *Ga.* 187; *Taylor Lumber Co.* v. *Clark Lumber Co.* 33 *Ga. App.* 815 (1, 2) (127 S. E. 905). See, in this connection, 4 Thompson on Corporations (3d ed.), p. 20, §§ 2437, et seq. Here, however, the rights of outside creditors were not involved; and, when the partners by mutual agreement between themselves transferred the entire assets of the partnership into a solvent corporation wherein it was merged, it must be taken that as between themselves, and acting for themselves, it was intended that the corporation would take over the assets cum onere insofar as pertained to partnership debts owing to its own members.

(a)    Such being the presumptive rule under the state of the particular facts outlined, irrespective of the resolution adopted at the stockholders' meeting about a year after the incorporation— where the minutes showed that, "On motion, duly adopted, it was agreed to pay a commission according to the rules of the Atlanta Real Estate Board to any member of the former partnership before incorporation or officer of the Company on any sales made of real estate in the past and to pay a like commission on sales made in the future on property owned by the Company"—it follows that the auditor erred in ruling that the corporation was not liable for the previous debts of the partnership to its members, which had been incurred prior to the incorporation. The reason assigned by the auditor why such resolution was ineffective, that only two of the three equal stockholders were present and that it required the vote of a party at interest to pass the resolution, ultra vires in character, could not operate to change the already-outstanding status as to liability independently of the validity or invalidity of the resolution.

(b)    Nor do we think that such claims as might be properly established would be barred by the statute of limitations, since under the provisions of the Code, § 3-707, the mutual indebtedness claimed by each of the parties would prevent the running of the statute, the purpose of these proceedings being a general accounting between the parties as to their mutual claims and obligations. As to the items in the decree referred to by the ruling in this division of the syllabus opinion, see paragraphs 18, 19, 21, and 36 of the auditor's report.

■ We have examined as best we could the record in its entirety and consider the exceptions taken to the findings of the auditor, other than those submitted to the jury, to be without merit, except as hereinbefore indicated, and that all such rulings and findings of the auditor, as approved by the trial judge, are supported by the evidence and in accordance with law. The case is therefore remanded to the court below for additional findings of fact on the one question, among those which were not submitted to the jury, whether or not the defendant Jones shall be able to establish his counterclaims as to transactions arising during the pre-existing partnership and prior to the incorporation, as specified in division 2 of this opinion. In the event that the defendant shall be able to establish any such counterclaims, the judgment against him would be modified accordingly. See Code, § 6-1610; *Mason* v. *Commissioners,* 104 *Ga.* 35 (6, a) (30 S. E. 515).

With respect to the motion for new trial relating to the wife's personal liability, exceptions as to which were submitted to the jury, under the preceding rulings the evidence was insufficient to sustain a finding of personal liability on that question.

*Judgment reversed in part, and affirmed in part. All the Justices concur.*