JONES *et al. v.* J. S. H. COMPANY *et al.*

No. 15629.   November 15, 1946.

612

*Spence & Spence,* for plaintiffs in error.

*Mitchell & Mitchell,* contra.

ATKINSON, Justice. (After stating the foregoing facts.) ■ Counsel for the defendants state in their brief that, after the case was

remanded to the trial court, the defendants amended their pleadings so as to set up certain counterclaims which had been previously stricken upon demurrer. The original record shows that some of the items, the striking of which on demurrer is now complained of, were set forth in a counterclaim filed July 9, 1941. As to these the trial court sustained a demurrer and struck some of the items, but allowed the defendants to amend with reference to others. Other items were set forth in an amendment to the counterclaim dated August 12, 1942, which was allowed subject to demurrer after the case had been referred to an auditor to pass upon all questions of law and fact. The auditor sustained demurrers of the plaintiffs that had been renewed to the counterclaim as amended, and struck among others the items now complained of.

The opinion in *Jones* v. *J. S. H. Co.*, 199 *Ga.* 755 (35 S. E. 2d, 288), shows that every finding of the auditor that was there assigned as error was affirmed by the trial court, except those that were submitted to a jury. As to these, the jury having found in favor of the plaintiffs and against all the exceptions submitted to them, the court overruled such exceptions of fact, thus sustaining the auditor in all of his findings both of law and fact, and made such findings the judgment and decree of the court. This court rendered its decision sustaining every issue decided adversely to the defendants except one, which had been submitted to the jury, and as to items set forth in paragraphs 18, 19, 21, and 36 of the auditor's report, which had not been submitted to the jury. Thereupon the judgment of the trial court was reversed as to the above-specified portions of the auditor's report which had not been submitted to the jury, and on one finding which had been submitted to the jury. All other rulings, including the striking of counterclaims which had been previously set up, were affirmed and became the law of the case.

Consequently, the trial court did not err in sustaining the plaintiffs' present demurrer, and in again striking the counterclaims which had been previously stricken on demurrer.

■ The defendants assigned error upon the judgment fixing the auditor's fees and apportioning the amount to be paid by the several parties, as illegal and an abuse of discretion in the following particulars: (a) Fixing the payment of fees so that the defendants are required to pay three-fourths of the fees; (b) the defendants are owners of one-third of the stock in the J. S. H. Company, and

they would further be required to pay one-third of the charge assessed against the plaintiffs; (c) if the former decision of the Supreme Court had been properly construed, the defendants would have been entitled to a judgment against the plaintiffs for a large sum of money, and in law would not be chargeable with any of the costs or expenses of this litigation.

Regardless of the final outcome in reference to the amounts that the defendant is seeking to recover as a setoff, the auditor made many findings of law and fact, some of which were for the plaintiffs and some for the defendants. It appears from the record that he had finished his part of the work and had been discharged by agreement of the parties in order to facilitate the progress of the case.

This was an equity case; and, since in equity cases, under the statutory rule that "it is the province of the judge . . to determine upon whom the costs shall fall" (Code, § 37-1105), it is plainly settled that the judge in his discretion may apportion an auditor's fee between the parties, or even award it against the successful party, this court will not interfere unless discretion has been abused. *Hicks* v. *Atlanta Trust Co.,* 187 *Ga.* 314 (2) (200 S. E. 301); *Brown* v. *Parks,* 190 *Ga.* 540 (8) (9 S. E. 2d, 897); *Edwards* v. *United Food Brokers,* 196 *Ga.* 241 (2) (26 S. E. 2d, 348). Under the record, there was no abuse of the discretion of the court in taxing three-fourths of the auditor's fees against the defendants.

■ After the case was remanded to the trial court for additional findings of fact on the question whether or not the defendant Jones should be able to establish his counterclaim as set forth in paragraphs 18, 19, 21, and 36 of the auditor's report, the jury returned a verdict in favor of the defendant as to commissions for the sale of lots and insurance paid on behalf of the partnership, which constituted items that were embraced in the aforesaid paragraphs of the auditor's report.

The trial court sustained a motion for new trial filed by the plaintiffs, to which ruling the defendant excepted.

Our ruling in division one of this opinion being that the trial court did not err, on demurrer, in limiting the defendant's right to recover under his counterclaim to items embraced in the aforesaid paragraphs of the auditor's report, and the jury having re-

turned a verdict for the defendant on items of the counterclaim that were so restricted, the next question for determination is whether the trial court erred in granting a new trial to the plaintiffs.

The rule that the first grant of a new trial will not be disturbed except where the verdict is demanded by the evidence is applicable to a case where two successive verdicts have been rendered, one for the plaintiff and the other for the defendant, and where in each instance a new trial was granted. *Jordan* v. *Dooly*, 129 *Ga.* 392 (1) (58 S. E. 879) ; *Butler* v. *Sansone*, 138 *Ga.* 767 (1) (76 S. E. 54) ; *Elder* v. *Woodruff Hardware &c. Co.*, 19 *Ga. App.* 626 (91 S. E. 942) ; *Hawk* v. *W. & A. R. Co.*, 20 *Ga. App.* 395 (93 S. E. 40) ; *Stone* v. *Elder*, 42 *Ga. App.* 508 (156 S. E. 475) ; *Jenkins* v. *Brown*, 52 *Ga. App.* 241 (183 S. E. 85) ; *Schiefer* v. *Durden*, 56 *Ga. App.* 167 (192 S. E. 388). The above principle was followed in *Morris* v. *Baxley Hardware Co.*, 168 *Ga.* 769 (149 S. E. 35), and *Mays* v. *Mays*, 33 *Ga. App.* 335 (126 S. E. 299), where two verdicts were for the same party, but one was directed by the court while the other was found by the jury without direction.

Where, on a previous appearance of this case in the Supreme Court (*Jones* v. *J. S. H. Co.*, 199 *Ga.* 755), the case was remanded to the trial court for additional findings of fact, because the auditor erred in ruling that the plaintiff corporation was not liable for previous debts of the partnership to its members, which were set forth in paragraphs 18, 19, 21, and 36 of the auditor's report, the grant of a new trial to the plaintiffs by the presiding judge after a verdict for the defendants at the subsequent trial—being the first judgment setting aside, on behalf of the plaintiffs, a finding of the jury—is subject to the rule that the first grant of a new trial will not be disturbed except where the verdict was demanded by the evidence.

The grant of the motion for new trial to which exception is taken, having been awarded under the circumstances stated above, was the equivalent of a first grant, within the meaning of the rule laid down in the Code, § 6-1608; and the verdict not having been absolutely demanded by the evidence, the judgment granting a new trial will not be disturbed. *Griffith* v. *Sellers*, 170 *Ga.* 577 (153 S. E. 359) ; *Brenner* v. *Wright*, 183 *Ga.* 510 (188 S. E. 694), *Baker* v. *McGarr*, 187 *Ga.* 533 (1 S. E. 2d, 403). The facts of

the present case are different from those involved in *Moody* v. *Moody*, 195 *Ga.* 13 (22 S. E. 2d, 836), where the verdict was demanded as a matter of law, and the first grant of a new trial was held to be error.

*Judgment affirmed. All the Justices concur.*