IN CHATHAM SUPERIOR COURT, JULY, 1831.

BANK of SOUTH CAROLINA *vs.* MICHAEL BROWN.

### *Case, and Motion for New Trial.*

It is competent for a witness to refresh his memory, by resorting to a memorandum which he had made of a fact, and if he can then speak to the fact from his own recollection, it will be good evidence, but if after seeing the memorandum he cannot recollect the fact, the original memorandum itself must be produced.

Notice must be given to produce an original paper proved to be in the possession of the adversary before secondary evidence can be received of its contents.

The principal exception to this rule is, when from the nature of the proceedings, the defendant must know that the plaintiff intends to charge him with the possession of the instrument: as in an action of trover for a bond.

THIS case is presented upon an application for a new trial, on the part of the plaintiff. The action was brought upon two promissory notes against the defendant, who was alleged to be a partner of the house of William Overstreet and Co., in Charleston, by whom the notes were made. To establish the copartnership, the testimony of Robert Campbell, taken by commission, was offered by the plaintiff. Mr. Campbell, in his answer to the second direct interrogatory, says, " he received a letter from Adger and Black, of Charleston, dated 29th March, 1826, containing the following. *' When you write us again, please say who is concerned in business with William Overstreet and Co. here ; he says Michael Brown of Savannah is his partner.'* To which I find, that on the 3d April, 1826, I replied, that I had that day inquired of Michael Brown himself, and he informed me he was a partner." The witness then further proceeds in his answer to state, " of this conversation or inquiry and answer, *I have no recollection ;* though I have no doubt that Michael Brown told me he was a partner in the firm of William Overstreet and Co., of Charleston." This testimony was objected to on the part of the defendant, on the ground that the witness spoke entirely from a memorandum, and was unable to recall the fact to his mind after seeing the memorandum. The court refused to allow the evidence to be read to the jury ; stating the law to be, that it was competent for a witness to refresh his memory, by resorting to a memorandum, which he had made of a fact, and that if then he could speak to the fact from his own recollection, it would be good evidence ; but that, if after having seen the memorandum he could not recollect the fact, the original memorandum itself must be produced. The rejection of this testimony presents the first ground upon which the present motion is based. I have look-

ed into the authorities upon this subject, and see no reason to change the opinion expressed upon the trial of the cause. The general rule is believed to be correctly stated in 1 Stark. 128. "If a witness has made a memorandum of facts, he may refresh his memory by referring to it ; and if by that means he obtains a recollection of the facts themselves, as distinct from the memorandum, his statement is evidence ; but if he has no knowledge or recollection of the fact, except that he perused it in a book or paper, the original book or paper must be produced, and he cannot give evidence of the facts. The authorities cited by Starkie are Doe *v.* Perkins *et al.* 3 Term Rep. 749 and 754, and the case of Tanner *v.* Taylor, a MS. note of which was read by Mr. J. Buller, in the case of Doe *v.* Perkins, and it is thought that they sustain the rule as here laid down. In the case of Tanner *v.* Taylor, which was an action for goods sold and delivered, Mr. Baron Legge said, if the witness would swear positively to the delivery from recollection, and the paper was only to refresh his memory, he might make use of it. But if he could not from recollection swear to the delivery any further than as finding them entered in his book, then the original book should have been produced. In the case of Doe *v.* Perkins, the only question was, at what time of the year the annual holdings of several tenants expired. The witness Aldridge had noted down in a book the declarations of the different tenants respecting the times when they severally became tenants. Upon his examination he stated that he had no memory of his own of those specific facts, but that the evidence he was giving was founded altogether upon the extracts he had made from the book. This evidence was objected to, because, as the witness had no recollection of the facts, the original book ought to be produced. The evidence was admitted, and upon motion for new trial, Ld. Kenyon Ch. J. said, that the rule appeared to have been clearly settled, and that every day's practice agreed with it. And that comparing this case with the general rule, the court were clearly of opinion that Aldridge ought not to have been permitted to speak to facts from the extracts which he made use of at the trial. In Phil. on Ev. 209, it is laid down as the rule, that if the witness cannot, from recollection, speak to the fact any further than as finding it stated in a written entry, his testimony will amount to nothing. The same authorities are relied on by Philips, which have been cited by Starkie, and the rule therefore should receive a like interpretation ; and they are perfectly consistent as far as the rule goes, as stated by Philips. They both concur in rejecting the testimony of the witness, as to the facts stated in the memorandum. No case is recollected, and none has been produced upon the argument here, in which a witness, who had lost all recollection of the fact to which he testifies, and could not recall it to his mind, has been permitted to give it

CHATHAM, July, 1831.

BANK of SOUTH CAROLINA *v.* BROWN.

The *whole* of a document or writing offered must be read, if required, otherwise there can be no certainty as to the sense and meaning of the entire document.

When secondary evidence is let in, it is subject to the same rules which regulate the admission of primary evidence.

The impossibility of furnishing better evidence will not authorize the admission of that which is intrinsically defective and dangerous.

It is not the conclusion at which a witness may arrive, which constitutes evidence in a cause, he must state facts, and let the jury draw their own conclusions.

in evidence as the contents of a memorandum made by him, without producing the original in court. It may be, that from the necessity of the case, a general necessity, resulting from the impossibility of furnishing better evidence, where the witness had forgotten the fact which he had recorded, the original memorandum, properly proved by the witness, ought to be received as evidence of its contents; but the reason, which requires *its* production, is commensurate with the rule which requires the best evidence the case is susceptible of. It is important that rules of evidence when clearly settled should be adhered to. In nothing are established principles more necessary than in the regulation of judicial proofs. The admission of this testimony in the present case would have been contrary to the rule which has been stated, and it is therefore considered that it was properly rejected.

The 2d, 3d, 4th and 5th grounds upon which this motion is based, will be disposed of together. The 2d and 3d are founded upon the refusal by the court to allow so much of the answer of Drake Mills (a witness for plaintiff) to the 6th direct interrogatory to be read in evidence to the jury, as went to give in part the contents of a letter written by the defendant, addressed to William Overstreet and Co. dated 3d April, 1826. The 4th and 5th grounds are founded upon the refusal by the court to allow so much of the testimony of Edwin B. Overstreet, as went to give in part the contents of the same letter of 3d April, 1826, to be read in evidence to the jury. The witness, Edwin B. Overstreet, stated in his examination that when the trunk, containing the papers of William Overstreet and Co. was brought to Savannah, Georgia, and opened, Michael Brown was present, and took therefrom as witness believes, all the papers bearing his signature, including the letter alluded to, which he subsequently destroyed, as witness is informed and believes. In this letter Michael Brown writes thus—the witness then proceeds to give an extract from the letter. To so much of the testimony of both Mills and Overstreet as went to give the contents of this letter, the defendant's counsel objected upon two grounds. 1st, That the letter having been traced to the possession of the defendant, by the testimony of Overstreet, it was incumbent on the plaintiff to give him notice to produce the original before a copy could be offered in evidence. 2d, That a part only of the contents could not be given in evidence, but that a copy of the whole letter must be offered. Upon these grounds the court rejected the evidence as inadmissible.

No rule of evidence is perhaps better settled and more uniformly acted on in practice, than that, which requires notice to produce an original paper proved to be in the possession of the adversary, before secondary evidence can be received of its contents. The rule is founded in reason; its purpose is to guard the party in whose possession the

original is ; to prevent his being taken by surprise, in cases where it is uncertain whether such evidence will be used by the adverse party.    There are exceptions to the rule, the principal one of which is, where from the very nature of the proceedings the defendant must be informed, that the plaintiff intends to charge him with the possession of the instrument : as in the example in the books of an action of trover for a bond.    In such cases the reason of the rule ceases, *et cessante ratione cessat et ipsa lex*.    It is, moreover, a primary rule that the best evidence must be produced.    Secondary evidence of the contents of a written instrument is admitted, because the party offering it cannot produce the original, it being either lost or destroyed, or in the possession or power of the adversary.    But until notice is given him to produce the original in his possession, *non constat* but that better evidence may be had, than the secondary evidence offered.    2 Mer. 464.    The testimony of Edwin B. Overstreet establishes the fact, that the original letter, an extract from which was attempted to be used in this case, had come to the possession of the defendant in the action.    This proof was sufficient to require notice ; and the only question is, whether the evidence in relation to the destruction of the letter, was enough to dispense with the obligations thus imposed.    The belief or persuasion of a witness, cannot be received as evidence, unless it rests upon a sufficient legal foundation, as upon facts within the actual knowledge of the witness—these facts may be inquired into, and a court and jury enabled to weigh the testimony of the witness by the facts upon which his belief is founded—so that it is at last the facts, and not the opinion, which constitutes the evidence.    A belief resting, as the witness informs us in this case it does, upon mere information ; a belief that a fact is true, because the witness has heard it said to be true, is evidence which cannot be permitted to have the effect desired for it in this case.    The testimony of Edwin B. Overstreet as contained in a subsequent answer, in which he speaks of the destruction, in his presence, of certain letters by the defendant, has reference to other letters, and cannot be made to apply to the letter of 3d April, 1826.    Upon this ground it is thought the evidence was properly rejected.

On the other ground, too, it is an established rule, that the whole of a document or writing offered in evidence must be read, if required ; otherwise there would be no certainty as to the sense and meaning of the entire document.    The dangerous tendency of permitting an extract from a letter to be read in evidence, is at once obvious—by suppressing a part, the meaning of the writer may be entirely perverted.    When secondary evidence is let in, it is subject to the same rules which regulate the admission of primary evidence.    The evidence as to the contents of written instruments, when the

CHATHAM,
July, 1831.

BANK of SOUTH
CAROLINA
v.
BROWN.

original cannot be produced, must be of a nature which the law would receive in other instances. 1 Camp. 193. And as, if the original were offered in evidence, it would be the right of the defendant to have the whole letter read, so this right equally exists, when a copy is offered, and excludes the idea of receiving a mere extract. There is nothing in this case upon which to relax the general principle—it does not even appear by the evidence, that the extract was the only part of the letter referring to the subject matter. Nor will the impossibility of furnishing better evidence, authorize the admission of that which is intrinsically defective and dangerous. It has been well observed, that the reception of evidence from necessity, must be founded on a general necessity, or probability of the failure of all other and superior evidence arising out of the nature of the case. 1 Stark. 356, note *o*. No such *general* necessity is perceived here. In a case in which the only evidence of the contents of a letter was a copy in the plaintiff's letter book in his own hand-writing, and which was urged from the necessity of the case, as being the only copy which had been preserved, Ld. Ellenborough rejected the evidence. Fisher *v.* Samuda and Another, 1 Camp. 190.

The 6th and last ground upon which this motion is made, cannot avail the plaintiff: Ed. B. Overstreet in his answer to the 4th direct interrogatory says, that he could not undertake to say what the specific contents of these letters were, (alluding to two letters which the witness had previously designated,) but their *general purport* was to charge him (Mr. Brown) as a partner of the firm of William Overstreet & Co. of Charleston. This evidence the court rejected. It is too loose and unsatisfactory. It is not the conclusion at which a witness may arrive, that is to constitute evidence in a cause. It is facts to which he is required to testify, that from these facts the jury may draw their own conclusions. What the witness may conceive to be the substance and effect of letters is no evidence, since it is the jury alone who are to judge from the contents of the letter what is its effect. It cannot require argument to satisfy the mind that such evidence was properly excluded.

This cause was tried before an impartial and most enlightened special jury, and upon the evidence which was before them, I see no reason to be dissatisfied with their finding. The motion for new trial is therefore denied.