Empire State Insurance Company *et al.* *vs.* Collins.

EMPIRE STATE INSURANCE COMPANY *et al.*, plaintiffs in error, *vs.* ENOCH J. COLLINS, defendant in error.

1. Under sections 3408 and 3409 of the Code, an action against an insurance company must be instituted in the county where its principal office is located, or where it has an agency or place of doing business when suit is brought, and which agency or place of doing business was located in such county at the time the cause of action accrued or the contract was made, out of which the cause of action arose.

2. A party held a fire policy issued in the county of Bibb from an agency of the Empire State Insurance Company, whose chief office was and is in Richmond county. Afterwards, the Georgia Home Insurance Company, located in the county of Muscogee, purchased from the former its insurance business, received its assets and assumed the payment of its indebtedness due or to become due on its policies. No contract was made by the latter company with the holder of the policy, and nothing occurred to establish any relation between them, or to give the person assured any claim on the company except such equitable rights as he might have growing out of the contract between the two corporations. The house insured was located in Twiggs county, and the loss occurred after the companies had bargained, as stated. An action on the policy was brought in the county of Bibb against both companies jointly—the Home only having an agency or place for doing business in that county. Service on the Empire Company was made by leaving a copy of the writ at the place where its agency was when the policy issued:

*Held*, that such action cannot be maintained against the Empire State Insurance Company, as it had no agency or place of doing business in the county of Bibb when suit was commenced; and this being so, it cannot be sustained separately against the Home Insurance Company, as there was no such privity or relation between it and the assured which would entitle him to a separate action against said company on the contract made between the two corporations.

Insurance. Venue. Jurisdiction. Contracts. Corporations. Before Judge HILL. Bibb Superior Court. April Term, 1874.

This case is sufficiently reported in the above head-notes.

R. J. MOSES; NISBET, BACON & HINES, for plaintiffs in error.

WHITTLE & GUSTIN, for defendant.

Empire State Insurance Company *et al. vs.* Collins.

TRIPPE, Judge.

1. We do not think that an action can be brought against an insurance company outside of the county where its principal office is located, unless it be in some county where it has an agency or place of doing business when suit is brought, and which agency or place of doing business was located in such county at the time the cause of action accrued, or the contract was made, out of which said cause of action arose. This is the plain provision of section 3408 of the Code. It is true the next section, (3409) in providing for effecting service, seems to imply that a suit may have been brought in a county where there was no agency or place of doing business at that time, provided one was located there when the cause of action arose, or the contract was made, out of which it arose. These sections are but the provisions of the act of December 16, 1861. The first section of that act gives jurisdiction over such suits as are set out in said section 3408, and limits them to such counties where there was an agency or place of doing business when action is brought. The second section of the act in regard to service could not well be construed so as to enlarge the power given in the other section, and to entitle a suit to be brought wherever there may have been an agency at the time the contract was made. Such was not the object of the section. If such was the declaration of the act, would it not be obnoxious to the constitution, which says cases shall be tried in the county where the defendant resides? An insurance company is the defendant. It has a location—a residence. That may be where its chief office is, or where it has an agency or place of doing business, but it cannot be said that because it once had an agency in a county, such county shall always thereafter have jurisdiction over it. The Empire State Insurance Company had an agency in Bibb county when this policy was issued; but it had none there when the action was brought. No action could, therefore, be maintained against it in that county.

2. There was no such privity or relation between the

Home Insurance Company and the assured which would entitle him to a separate action against said company on the contract made between the two corporations. No contract was made between the plaintiff and the Home Company, no premium had been received by it from him, and the only claim he had on that company was the equitable right growing out of its contract with the company which issued his policy. It is true, he might enforce this agreement by bill : 32 *Georgia*, 257 ; *Ibid.*, 604 ; or at law, with proper pleadings. But to have asserted it against the Home Company, it would have been necessary to have made the Empire Company a party, and had it legally served. Such service was not had by effecting it on one, simply because he had once been an agent, and in a county where there was no agent or place of doing business at the time of service or when the suit was commenced. The company could have been properly served. It had an existence and a place of business. In *Dallas vs. Heard*, 32 *Georgia*, 604, it is true, the bill was sustained, which was instituted only against the party who made the contract with another to pay her debts. But that other party was dead, had no representative and no estate, and that was given as the ground for sustaining the bill over the objection for want of necessary parties. As jurisdiction was not obtained over the Empire Insurance Company, and a separate action under the facts could not be sustained against the Home Company, the judgment of the court below cannot be sustained. No motion was made to perfect service on the Empire Company, and the question as to whether that could have been done does not necessarily arise. For myself, I would say, I seriously question whether if that had been done the jurisdiction of the county of Bibb could have been sustained. He could not, as has been stated, sue the Empire Company in a several action upon its policy in that county. He could not bring a *separate* suit anywhere against the Home. Granting that in equity he could have claimed jurisdiction over the latter company in Bibb county, and that, as he prayed substantial relief against it, he could have, by a

bill, brought the Empire Company to that county, did he therefore have the right in a proceeding at law to claim that the same jurisdiction existed merely because he was setting up equitable rights at law? Can a party assert equitable rights at law, under section 3082 of the Code, in any county where he may file a bill in equity? Or, in other words, will a court of law, when the proceeding is for an equitable cause of action, exercise the same jurisdiction as to the county where suit may be brought, as chancery would in a regular bill filed in a court of equity? It is very questionable whether, because "equity cases shall be tried in the county where a defendant resides against whom substantial relief is prayed," any party may, therefore, under section 3082, for an equitable cause of action, carry his antagonists at law wheresoever he could move against them in equity. But I will not discuss this point further. No decided opinion is pronounced upon it. Reference is made to the last four clauses of section 12, article 5 of the constitution, and section 3082 of the Code. From the judgment we render it is unnecessary to notice the other questions raised on the trial of the case before the jury.

Judgment reversed.