### 16120. TAYLOR LUMBER COMPANY *v.* CLARK LUMBER COMPANY *et al.*

BELL, J. 1. A corporation which lawfully acquires all the property of a partnership does not thereby become responsible for the partnership debts; and though the corporation has the same name as the trade name or device used by the partnership, and the persons who constituted the partnership own the entire capital stock of the corporation, the business of the partnership having been merged into that of the corporation, these facts alone would not make the corporation liable for the obligations of the partnership, and to create such liability "the same formalities are required as to make any individual liable for the debts of another." *Georgia Company* v. *Castleberry*, 43 *Ga.* 187, 189; *Culberson* v. *Alabama Construction Co.*, 127 *Ga.* 599 (4) (56 S. E. 765, 9 L. R. A. (N. S.) 411, 9 Ann. Cas. 507).

(*a*) This is not to rule that where a debtor conveys his property to another, and as part of the transaction the purchaser agrees to assume and pay the debts of the vendor, the creditor could not have relief in equity, with proper pleadings and parties. *Sheppard* v. *Bridges*, 137 *Ga.* 615 (1) (74 S. E. 345). See also Civil Code (1910), §§ 3216, 3217. But this case having first gone to the Supreme Court, its transfer by that court to this court is equivalent to a holding that the suit is not one in equity. *Stone* v. *Edwards*, 32 *Ga.* *App.* 479 (1) (124 S. E. 54).

2. Where a partnership composed of two named persons doing business under the firm name of Clark Lumber Company entered into an executory contract for the sale of goods to another, and the time for delivery was extended from time to time, covering a period of several months, and, while the contract was still of force, the individuals composing the partnership became incorporated in the same name previously used by the partnership, and where, after the incorporation, the vendee received letters signed "Clark Lumber Company," written by the corporation, declaring an intention to perform the contract and requesting further extensions of the time for performance, which extensions were granted, an action by the vendee against the corporation and the partnership for a *breach of the contract*, in which, in addition to the facts just recited, it is alleged that the corporation assumed all liabilities and contracts, and took over all the assets, of the partnership, and in which by amendment it is alleged that the corporation, by its requests and promises as contained in such letters, became liable with the partnership, failed to set forth a cause of action against the corporation, whether as co-principal, or as a substituted debtor, or as a surety, where it further appears from the allegations of the petition that the plaintiff vendee never became a party to the agreement between the

partnership and the corporation by which the latter was to assume the obligations of the firm, and did not know that the corporation was the author of any of the letters or communications received by the plaintiff until after the final breach of the contract by the refusal of the corporation to perform, since it thus affirmatively appears that there was never a meeting of minds as between the plaintiff and the corporation. *Palmetto Mfg. Co.* v. *Parker,* 123 *Ga.* 798 (2) (51 S. E. 714) ; *Hawkins* v. *Central &c. Ry. Co.,* 119 *Ga.* 159 (6) (46 S. E. 82) ; *Morgan* v. *Argard,* 148 *Ga.* 123 (95 S. E. 986) ; *Empire Insurance Co.* v. *Collins,* 54 *Ga.* 376 (2) ; *Gray* v. *Lynn,* 139 *Ga.* 294 (77 S. E. 156) ; Civil Code (1910), §§ 4222, 4230.

3. The fact that the plaintiff may have been put to disadvantage and injury by the corporation's conduct could not operate to create a *contract* between them. *Hood* v. *Duren,* 33 *Ga. App.* 203 (2) (125 S. E. 787) ; *Parks* v. *Simpson,* 124 *Ga.* 523 (2) (53 S. E. 568).

4. Applying the above rulings, the court did not err in dismissing, on demurrer, the petition as to the defendant corporation.

5. A part of the judgment excepted to was as follows: "No cause of action is set out against [B] as an individual separate and apart from his relation as a partner, . . and therefore the demurrer as to him is sustained." *Held:* The court, having adjudged that the petition set forth a cause of action as to the partnership, erred in dismissing the petition as to one of the partners, although no liability was shown against him except such as flowed from his relation of partner. See *Render* v. *Hartford Fire Ins. Co.,* 33 *Ga. App.* 716 (127 S. E. 902). The trial judge evidently intended merely to rule adversely to a contention of the plaintiff that this partner, by certain conduct, had become liable as an individual, in addition to the liability devolving upon him as a member of the partnership; and if the judgment could be construed as having only that effect, there would be no error, but, upon a reasonable interpretation of the language used, the judgment must be construed as striking the petition entirely as to this party.

*Judgment affirmed in part and reversed in part. Jenkins, P. J., and Stephens, J., concur.*

DECIDED APRIL 18, 1925.

Complaint; from Jefferson superior court—Judge Hardeman. August 14, 1924.

*Roy V. Harris, Phillips & Abbot,* for plaintiff.

*Hardeman & Hardeman, M. C. Barwick, R. G. Price,* for defendants.