## GAINES *v.* EDWARDS.

No. 17848. Argued May 13, 1952—Decided June 10, 1952.

*L. D. Burns Jr.*, for plaintiff in error.
*Stephens Mitchell* and *Mitchell & Mitchell*, contra.

Almand, Justice. This is an action by Marshall Gaines against Willie Bell Edwards, to cancel a deed and for specific performance of an alleged contract to convey an improved tract of land. The defendant's general demurrers to the petition as amended were sustained, and error is assigned on that judgment.

The petition as amended alleged in substance: On May 10, 1945, the plaintiff was in possession of a house and lot as owner, subject to a deed to secure debt. Subsequently, after the plaintiff had paid several notes on the debt, his cousin, J. D. Edwards, husband of the defendant, now deceased, paid off the debt against the property, and the plaintiff executed a warranty deed conveying the premises to Edwards, for the purpose of the latter borrowing money on the property. Though this deed was absolute in form, it was intended only to secure the loan Edwards obtained against the property, and it was orally agreed that Edwards would reconvey the property to the plaintiff when the plaintiff repaid him the money he had advanced. The necessary papers were prepared by a real-estate agent, and at the time the plaintiff signed the warranty deed, he thought he was conveying the property to Edwards as trustee to hold the title as security for the debt. At the time the warranty deed was executed on April 8, 1950, the plaintiff and said J. D. Edwards entered into a written agreement, whereby Edwards rented the premises to the plaintiff at an agreed rental of $30 per month, and it was agreed that the plaintiff, after paying rent for 24 months, would have the right to purchase the property and would be given credit for the rent paid, the price and terms of the purchase to be agreed on by the parties. On the death of Edwards, the defendant had the property set aside as a year's support, and has sued out a dis-

possessory warrant to recover the premises which the plaintiff has been in possession of since 1949. The plaintiff has made valuable improvements on the premises, in excess of $1000 value. He has paid the accrued indebtedness against the property, and has tendered $500 to the defendant's attorney, which tender was refused. The value of the property is approximately $5000. The prayers of the petition were that the deed from the plaintiff to J. D. Edwards, upon the payment of the indebtedness in full, be canceled as a cloud upon the plaintiff's title; and that the defendant be required to specifically perform the contract the plaintiff had with J. D. Edwards as to reconveying the property.

The allegations of the petition are insufficient to state a cause of action for the cancellation of the warranty deed from the plaintiff to J. D. Edwards. The plaintiff alleges that he knew he executed a warranty deed absolute in form, but that, when he signed the agreement to rent the property, he thought it was an agreement whereby Edwards was to hold the property as his trustee until the loan on the property was paid by him. There are no allegations of fraud. The parties did not stand in a confidential relationship to one another. The plaintiff shows no valid reason for not reading the contract. The subsequent conduct of the plaintiff, in paying monthly rent to Edwards and collecting excess rental payments under Federal rent regulations, nullifies any contention that he claimed the equitable title to the property, but shows that he was the tenant of Edwards, with an option to purchase the same at the end of 24 months.

The petition fails to set forth a cause of action for specific performance of the oral contract between the plaintiff and J. D. Edwards, whereby, before the execution of the warranty deed, the plaintiff contends it was agreed that Edwards would hold the title as trustee, with the right of the plaintiff to pay off the indebtedness against the property and have Edwards reconvey title to him. Whatever previous agreement there was, consistent with the written contract as to the property, will be construed as being merged into the latter, and whatever oral agreement was inconsistent with the written contract is construed as being eliminated. *Brown-Randolph Co.* v. *Gude,* 151

*Ga.* 281, 290 (106 S. E. 161). The terms of the written contract, that the plaintiff at the end of 24 months had the option to purchase the property on "price and terms to be agreed upon by both parties," are too vague, indefinite, and uncertain to be enforced by a court of equity. *Adcock* v. *Shaw,* 167 *Ga.* 710 (1) (146 S. E. 478); *Erwin* v. *Hardin,* 187 *Ga.* 275 (200 S. E. 159).

There was no error in sustaining the general demurrer to the petition as amended and dismissing the same.

*Judgment affirmed. All the Justices concur, except Atkinson, P.J., not participating.*