35823. KING *et al. v.* BONNERMAN.

DECIDED JANUARY 12, 1956.

*Edward J. Goodwin,* for plaintiff in error.

*James E. Findley,* contra.

FELTON, C. J. It is conceded by the plaintiffs in error that the evidence authorized the verdict against the defendant King.

The evidence relied on by the plaintiff to show that the defendant King was acting within the scope of his employment and agency at the time of the collision was that at the time of the collision there were several dozen doughnuts in King's automobile and that on the day of the collision King had used his own automobile in making deliveries for the bakery because the bakery truck he usually used was in the shop for repairs. In addition the plaintiff relied on an alleged declaration made by King after

the collision that he was making a delivery for his employer at the time of the collision. King denied making such a statement and testified that he had finished his work for the day and had left the bakery to go to his brother's home; that he had personally purchased some doughnuts which he was taking to his brother's home to be used by his brother at a party.

The circumstances relied on by the plaintiff to establish the fact of agency were consistent with the direct, uncontradicted, reasonable and unimpeached testimony of the defendant King that the fact of agency did not exist at the time of the collision. *Foster* v. *Jones*, 64 *Ga. App.* 66 (12 S. E. 2d 141). Consequently, there was no evidence, direct or circumstantial, to prove that King was within the scope of his agency or employment when the collision occurred.

The only question remaining for determination is whether a statement made by King as to his agency is sufficient to prove such agency. It was testified to that after the collision King said that he was making a delivery for his employer. King denied making such a statement. The declaration of an agent is not competent to prove the agency unless it accompanies the transaction or is a part of the res gestae *and* there is other evidence, direct or circumstantial, which tends to prove the agency, in which event such declaration is admissible in corroboration. See cases cited under catchword "Declarations of agent", Code (Ann.) § 4-315. Even if the alleged declaration made by King was part of the res gestae, standing alone it was not competent to prove agency. *Swint* v. *Milner Banking Co.*, 30 *Ga. App.* 733, 734 (3) (119 S. E. 336). Such declaration as to agency, where not a part of the res gestae or accompanying the transaction *and* in corroboration of other evidence or circumstances tending to prove the agency, is hearsay and is of no probative value, whether objected to or not. *Nesbit* v. *State*, 71 *Ga. App.* 744 (1) (32 S. E. 2d 207); *Hamilton* v. *Metropolitan Life Ins. Co.*, 71 *Ga. App.* 784, 788 (2) (32 S. E. 2d 540); *Higgins* v. *Trentham*, 186 *Ga.* 264 (1) (197 S. E. 862).

The mere declaration by King in this case, even if part of the res gestae, was insufficient to establish agency at the time of the collision; therefore, the evidence demanded a verdict for the defendant Woods.

.The court did not err in denying the motion for a new trial as to the defendant King. The court erred in denying the motion for a new trial as to the defendant Woods.

*Judgment affirmed in part and reversed in part. Quillian and Nichols, JJ., concur.*