43093. MULLIS, by Next Friend v. MERIT FINANCE COMPANY OF SAVANNAH NO. 1, INC.

ARGUED OCTOBER 5, 1967—DECIDED NOVEMBER 2, 1967.

*Usher & Haupt, Reginald C. Haupt, Jr.,* for appellant.

*Brannen, Clark & Hester, Perry Brannen,* for appellee.

QUILLIAN, Judge. The judgment entered by the trial judge adjudicating the motion for summary judgment correctly states the facts appearing from the record and reads as follows: "One defendant, Merit Finance Company of Savannah No. 1, Inc., moves for summary judgment, and in its supporting affidavit it is stated that Wells was never employed by Merit Finance Company of Savannah No. 2, Inc. or by Merit Finance Company of Savannah No. 3, Inc. This is conceded by the plaintiff as true, and it, therefore, follows that summary judgment in favor of Merit Finance Company of Savannah No. 2, Inc. and Merit Finance Company of Savannah No. 3, Inc. must be and the same is hereby granted and the petition dismissed as to them.

"It appears from the supporting affidavit made by Joseph W. Roberts, manager of Merit Finance Company of Savannah No. 1, Inc. that he was manager on April 30, 1966, the day of the collision. That Derall Wells on that day was employed as an assistant manager. That assistant managers are required to sign time cards, and on April 30, 1966, which by the calendar was a Saturday, Wells signed out at 1:30 p.m. and was off until the following Monday morning. He had no duties assigned to him to be performed during the weekend. This is a positive statement to the effect that during the period in question, the collision having occurred on Saturday night, April 30, 1966, at 8:45 p.m., and that at the time Wells was not acting for Merit Finance Company of Savannah No. 1, Inc., nor within the scope of his employment. This positive affidavit is sufficient to shift the burden of proof to the plaintiff to undertake by counter affidavit or deposition to make a showing that at the time and place of the collision out of which plaintiff's injuries grew there exists an issue of fact as to the agency of Derall E. Wells.

"This the plaintiff attempts to do in support of its opposition by submitting an affidavit of the police officer who investigated the collision. This affidavit contains two paragraphs as follows:

" 'Deponent swears that during his investigation at the scene of the accident, which occurred at approximately 8:45 o'clock p.m., he questioned the said Wells concerning the accident. Wells made the statement that he was a collector for a local finance company and was in the process of making a collection when the accident occurred.

" 'Deponent further swears that he searched Wells' automobile and found a number of papers purporting to be delinquent account bills and other types of forms and papers in the front seat.'

" 'Affidavits in support of or in opposition to motions for summary judgment must "set forth such facts as would be admissible in evidence" on the trial of the case. *Code Ann.* § 110-1205. Since these are mere conclusions and would not be admissible they can and do raise no issue of fact.' *Benefield v. Malone,* 112 Ga. App. 408, page 411.

"In the case at bar we are not dealing with conclusions, but with declarations. It is a well established principle of law that

'The declaration of an alleged agent (Wells, in this case) standing alone, though made dum fervet opus, is not admissible to prove his agency.' (Parentheses added by the court). *Scott v. Kelly-Springfield Tire Co.*, 33 Ga. App. 297.

"Even though 'the fact of agency may be established by the direct testimony of the one who has assumed to act as agent, and while the previous declarations of an alleged agent are not by themselves admissible to prove agency, after any such direct testimony has been admitted, or the fact of agency has been clearly indicated by proof of circumstances, apparent relations, and the conduct of the parties, the declarations of the alleged agent, though inadmissible if standing alone, become admissible as a part of the res gestae of the transaction, and as such may be considered in establishing the fact of agency.' *Scott v. Kelly-Springfield Tire Co.*, 33 Ga. App. 297 (5).

"However, the court has carefully read the deposition taken of Derall E. Wells by the plaintiff in this case and finds that such deposition contains no direct testimony that at the time and place of the occurrence Wells was acting as agent of Merit Finance Company of Savannah No. 1, Inc., and this deposition is insufficient to support the inadmissible declaration of agency. For illustration, on page 8 of the deposition: 'Q. You ever gone out collecting on Saturday night? A. On Saturday night? No, sir, not that I; I don't recall that I ever.' Page 22: 'Q. Do you remember telling the police officer that you were going to go collect some money at the time of the accident? A. No, sir, I don't.' Page 29 in reference to a written statement given a supervisor of the company: 'Q. Did it say that at the time of the accident I wasn't doing any business for Merit Finance Company? A. Yes, it did. Q. How do you know? A. Because I know I knocked off at one-thirty that afternoon, or I signed out between one and one-thirty, and my business for Merit that day was complete.' The court finds nothing in this deposition that would tend to prove agency or corroborate the declaration of agency. The declaration of agency is, therefore, inadmissible in evidence.

"Turning now to the investigating officer's second paragraph, the mere fact that a number of papers purporting to be delinquent account bills and types of forms were found in the front

seat of Wells' automobile would not necessarily indicate that at the particular time and place Wells was acting for his company. In the first place, it is not stated that they were forms of Merit Finance Company of Savannah No. 1, Inc., and in the second place, if a man worked for a company, it might be presumed that he could have in his possession or car form papers used by the company; nor does the affidavit of Tommy Mullis, who searched the car the next day after the accident, prove anything inconsistent with what is here said.

" 'In passing upon a motion for summary judgment, the finding of fact which may be inferred but is not demanded by circumstantial evidence has no probative value against positive and uncontradicted evidence that no such fact exists.' *Ussery v. Koch*, 115 Ga. App. 463.

" 'On motion for summary judgment the court is not concerned with the credibility of affidavits, only with the matter of whether they show a genuine issue of fact to exist.' *Ussery v. Koch*, supra.

"In the case at bar the declaration of agency being inadmissible, the finding of forms in Wells' automobile being circumstantial only and not being inconsistent with the fact that he was not at the time and place on business of the company, failed to show a genuine issue of fact to exist.

"From what has been said, It is, Therefore, considered, ordered, and adjudged that the motion for summary judgment upon the part of the defendant in this case is sufficient to pierce the allegations of the plaintiff's petition that at the time and place of the collision out of which the plaintiff's injuries grew, the defendant, Merit Finance Company of Savannah No. 1, Inc. was not acting by and through the agency of Derall E. Wells when the said Wells drove his car into the rear of plaintiff's car. Defendant's motion for summary judgment is hereby granted and judgment rendered in favor of the defendant."

After careful perusal of the record and consideration of the legal principles applicable in the case, we approve the conclusion reached by the trial judge. His opinion is a good analysis of the evidence and a sound pronouncement of the law relative to the issues in the case. However, it is well to consider the ruling

made in *King v. Bonnerman,* 93 Ga. App. 210, 211 (91 SE2d 196) and *Flanigan v. Reville,* 107 Ga. App. 382, 383 (4) (130 SE2d 258). The former holds: "The declaration of an agent is not competent to prove the agency unless it accompanies the transaction or is a part of the res gestae *and* there is other evidence, direct or circumstantial, which tends to prove the agency, in which event such declaration is admissible in corroboration." The pronouncement of the latter case contained in its Headnote 4 reads: "In ground 4 the plaintiff complains that, when his witness, a police officer, in response to a question as to what he found in his investigation of the accident, related the statements made to him by the drivers, the trial court sustained an objection and instructed the plaintiff's witness not to testify as to what someone had told him. It appears that the statements of the drivers were a mere narrative of what had happened rather than declarations accompanying the accident. Hence the plaintiff's contention that the statements should have been admitted as *res gestae* is without merit." See *Cambron v. Cogburn,* 116 Ga. App. 373 (157 SE2d 534).

We also observe one statement in the judge's opinion, "In the case at bar we are not dealing with conclusions, but with declarations." We agree that the judgment dealt principally with the question of declarations. However, the statement of the police officer that the papers in Wells' automobile purported to be delinquent account bills was a conclusion and of no probative value. If a nonexpert witness is allowed to testify, without objection, concerning the contents of a paper or document his testimony is admissible, but his interpretation as to the import of the writing is still a conclusion.

In *Bank of South Carolina v. Brown,* 1 Dudley (Ga.) 62, 66, it was held: "The 6th and last ground upon which this motion is made, can not avail the plaintiff: Ed. B. Overstreet in his answer to the 4th direct interrogatory says, that he could not undertake to say what the specific contents of these letters were (alluding to two letters which the witness had previously designated), but their general purport was to charge him (Mr. Brown) as a partner of the firm of William Overstreet & Co., of Charleston. This evidence the court rejected. It is too loose

and unsatisfactory. It is not the conclusion at which a witness may arrive, that is to constitute evidence in a cause. It is facts to which he is required to testify, that from these facts the jury may draw their own conclusions. What the witness may conceive to be the substance and effect of letters is not evidence, since it is the jury alone who are to judge from the contents of the letter what is its effect. It can not require argument to satisfy the mind that such evidence was properly excluded."

*Judgment affirmed. Jordan, P. J., and Deen, J., concur.*