54825. LDH PROPERTIES, INC. et al. v. MORGAN GUARANTY TRUST COMPANY OF NEW YORK.

BANKE, Judge.

Morgan Guaranty Trust Company of New York sued LDH Properties, Inc., and C. L. Straughan, Jr., LDH's president and sole stockholder, to collect on three promissory notes executed by LDH and personally endorsed by Straughan. Straughan and LDH in turn filed counterclaims alleging that Morgan Guaranty had breached the loan agreements relating to these notes and had disseminated false information about them which had adversely affected their credit with other potential lenders. Summary judgment was awarded to Morgan Guaranty, resulting in this appeal by Straughan and LDH.

The appellants do not dispute that the notes were due

and owing according to their terms, but do contend that fact issues remain as to their counterclaims.

1. Straughan's first counterclaim alleges that Morgan Guaranty orally agreed for consideration to renew two of the notes for one year. This contention is totally unsupported by the record. An official of Morgan Guaranty stated in his deposition that the promise was never made and Straughan himself was unable to state positively that such a promise was made. No genuine issue of material fact remained as to this contention, and it was properly disposed of on motion for summary judgment. See Code Ann. § 81A-156.

2. Straughan also alleges that Morgan Guaranty breached certain obligations with respect to the loan agreement accompanying the third note, which was secured by a second mortgage on real estate located in Gwinnett County, Georgia. This note was originally issued to Citizens & Southern Realty Investors ("CSRI") as payee. CSRI thereafter entered into a participation agreement with Morgan Guaranty by virtue of which CSRI was to manage the loan and Morgan Guaranty was to fund 99 percent of the advances made. The note was later assigned to Morgan Guaranty after the appellants defaulted. Straughan contends that Morgan Guaranty breached the participation agreement, that he was damaged thereby, and that he is entitled to counterclaim for his damages as a third-party beneficiary to the agreement. He also contends that CSRI breached the original loan agreement with him while acting as Morgan Guaranty's agent, rendering Morgan Guaranty liable as its principal.

The trial court was correct in ruling as a matter of law that the appellants were not third-party beneficiaries of the participation agreement between CSRI and Morgan Guaranty. "A third-party beneficiary contract is one in which the promisor engages to the promisee to render some performance to a third person. [Cit.] It must appear that both parties to the contract intended that a third person should be the beneficiary." *Stewart v. Gainesville Glass Co.,* 131 Ga. App. 747, 753 (206 SE2d 857) (1974), affd., 233 Ga. 578 (212 SE2d 377) (1975). "The mere fact that [the third person] would benefit from the

performance of the agreement is not alone sufficient." *Backus v. Chilivis,* 236 Ga. 500, 502 (224 SE2d 370) (1976). See *McWhirter Material Handling Co. v. Ga. Paper Stock Co.,* 118 Ga. App. 582, 583 (1) (164 SE2d 852) (1968). The participation agreement did not obligate Morgan Guaranty to render any performance to the appellants, and for this reason the latter are not entitled to sue for its breach.

The trial court was also correct in its ruling that the appellants had no claim against Morgan Guaranty for CSRI's alleged breaches of the original loan agreement. These alleged breaches consisted of CSRI's refusal to extend additional credit to the appellants to pay off the first mortgage on the real estate securing the loan and its failure to release certain parcels of this land for sale. Under the terms of the loan agreement, CSRI had no obligation to pay off the first mortgage, although it was authorized to do so if in its "sole discretion" it thought such action advisable to protect its security interest. Straughan's contention that CSRI had agreed orally to pay off the first mortgage is inadmissible parol evidence and does not create a fact issue. See *Hennessy v. Woodruff,* 210 Ga. 742, 744 (82 SE2d 859) (1954); *Gaines v. Edwards,* 209 Ga. 157, 158 (71 SE2d 214) (1952). Insofar as CSRI's refusal to abide by the release provisions of the loan agreement is concerned, it is clear that the final maturity date on the note had already passed when this alleged breach took place. Accordingly, even assuming that CSRI was acting as Morgan Guaranty's agent in its dealings with Straughan, a fact very much in doubt, the appellants have not established any actionable breach of the loan agreements by CSRI. See *Williams v. Claussen-Lawrence Const. Co.,* 120 Ga. App. 190, 192 (169 SE2d 692) (1969).

In addition to these factors, the $20,000,000 in damages asserted by Straughan in this counterclaim are, as characterized by the trial court, "merely statements of expected profit which cannot be computed exactly and are too remote, conjectural and speculative to afford a basis for a cause of action." See Code Ann. §§ 20-1406 and 105-2008; *Tovell v. Legum,* 207 Ga. 193 (60 SE2d 339) (1950); *Carr v. Jacuzzi Bros., Inc.,* 133 Ga. App. 70 (210 SE2d 16) (1974); *Smith v. A. A. Wood & Son Co.,* 103 Ga.

App. 802 (2) (120 SE2d 800) (1961).

3. The appellants' contention that Morgan Guaranty damaged their credit with other lenders by disseminating false financial information about them is without evidence to support it. Morgan Guaranty submitted affidavits from officers of both the lenders involved which controverted the claim that they had made a decision to deny Straughan or LDH credit on the basis of any information received from Morgan Guaranty. The appellants have offered no evidence to the contrary to establish a fact issue for trial. "In passing upon a motion for summary judgment, a finding of fact which may be inferred but is not demanded by circumstantial evidence has no probative value against positive and uncontroverted evidence that no such fact exists." *Ussery v. Koch*, 115 Ga. App. 463 (1) (a) (154 SE2d 879) (1967). It was not error to grant summary judgment for the appellee on this counterclaim.

4. It was not error to deny the appellants' motion to dismiss the complaint on the ground that Morgan Guaranty had not procured a certificate from the Secretary of State authorizing it to do business in Georgia as a foreign corporation. See Code Ann. §§ 22-1401 (a), 22-1421 (b). Code Ann. §§ 22-1401 (b) (7) and (8) excludes making and collecting loans from those activities which constitute transacting business in this state. It has not been shown that Morgan Guaranty has done anything in this state with regard to this loan other than to initiate this suit. Therefore, it has not been shown that it was required to obtain a certificate of authority as a condition precedent to bringing this suit. See *Tankersley v. Security Nat. Corp.*, 122 Ga. App. 129, 130 (176 SE2d 274) (1970).

For the foregoing reasons, the award of summary judgment to the appellee is affirmed.

*Judgment affirmed. Quillian, P. J., and Shulman, J., concur.*

ARGUED NOVEMBER 8, 1977 — DECIDED FEBRUARY 15, 1978 — REHEARING DENIED MARCH 7, 1978 — CERT. APPLIED FOR.

*Zachary & Segraves, Kenneth W. Carpenter, William*

*E. Zachary, Jr.,* for appellants.
*King & Spalding, Joseph R. Bankoff, Walter Driver, Jr.,* for appellee.