## 56397. BREWER v. SOUTHEASTERN FIDELITY INSURANCE COMPANY et al.

QUILLIAN, Presiding Judge.

Plaintiff Brewer appeals from the grant of summary judgment to defendant Southeastern Fidelity Insurance Company (Southeastern). Mr. Brewer had purchased automobile insurance for several years through Mr. Raymond Bacon, owner of Bacon Insurance Agency, from Southeastern. On March 31, 1976, the existing insurance policy on plaintiff's two vehicles expired. On or about that date he contacted Mr. Brewer with regard to renewing the policy. Mr. Brewer stated that on March 31, 1976, and later on April 8, Mr. Bacon assured him he "was insured under a binder and I had insurance with Southeastern . . ." Further, that on those dates and "upon previous business dealings with Raymond Bacon [he] represented himself to me as having the ability and authority to sell me insurance with Southeastern . . . to be effective upon the date of agreement between myself and Raymond Bacon."

These statements are denied by Mr. Bacon. Both he and Southeastern stated that he was an independent insurance agent and did not represent Southeastern. Mr. Bacon stated that Mr. Brewer received a quote of premium from him after the old policy had expired and told him it was "high," and he wanted to check the price with another insurance company. This was on April 8, 1976. On April 12, Mr. Brewer came to Mr. Bacon's office and renewed his insurance coverage. The following day Mr. Bacon returned to his office and told him he had an accident on April 10. He had not mentioned the accident on April 12 when renewing his insurance. Southeastern denied the claim and plaintiff brought this action. The court granted summary judgment for Southeastern and

plaintiff appeals. *Held:*

The liability of defendant Bacon is not in issue in this appeal. Both Brewer and Southeastern agree that the principal issue is whether or not there was an agency relationship between Bacon and Southeastern. Mr. Bacon submitted evidence that he was the sole owner and employee of Bacon Insurance Agency. He was an independent insurance agent and acted as an insurance broker for several insurance companies — including Southeastern. He denies that he ever informed Mr. Brewer that he was an agent for Southeastern.

An affidavit of Southeastern's Vice President attested to the fact that Mr. Bacon was not a contract agent for Southeastern. Mr. Bacon had always requested coverage through Southeastern's general agent, Casualty Underwriters, Inc., of Decatur, Georgia.

The plaintiff's complaint alleged Bacon was an agent for Southeastern, "and as agent for Southeastern . . . refused to perform under the terms of the contract created on March 31" when he alleged Bacon orally informed him he was covered by an insurance binder with Southeastern.

"The bare assertion or denial of the existence of an agency relationship is a statement of fact when made by one of the purported parties to the relationship; but when made by an outsider, bare assertions or denials are merely conclusions of law." *Salters v. Pugmire Lincoln-Mercury, Inc.,* 124 Ga. App. 414 (184 SE2d 56); *Chas. S. Martin Distributing Co. v. Foster,* 140 Ga. App. 12, 13 (230 SE2d 77). "The affidavit[s] of [Mr. Bacon and Southeastern's Vice President] denying the existence of agency must be received as evidence of a fact, which cannot be overcome by conclusionary affidavits. . ." *Oglesby v. Farmers Mut. Exchange,* 128 Ga. App. 387, 390 (196 SE2d 674). Furthermore, Mr. Brewer's testimony was equivocal, i.e.: "I thought he worked for Southeastern cause that's who he had the insurance with . . . [Q. . . . there wasn't anything on the glass that said Southeastern Fidelity, Raymond Bacon, agent?] . . . I don't believe so. I didn't pay that much attention. [Q. . . did you ever see any brochures or pamphlets or other kinds of information that said Southeastern Fidelity, Raymond Bacon, agent? ] . . .I don't

remember about that . . .It, it might have been wrote [sic] on the top of the papers you said I signed . . . It might have been wrote [sic] on the top of them, but it might have [sic] not have." When asked if he had seen the symbol of the Independent Insurance Agent on the top of the documents that his attorney had introduced in evidence for him, he testified: "I don't remember where I got a copy of them or didn't get a copy of them or where [sic] I did or didn't."

The fact of an agency may be established by proof of circumstances, apparent relations, the conduct of the parties, and the declarations of the alleged agent — though the declarations of the agent are inadmissible if standing alone, but they become admissible as a part of the res gestae of the transaction and as such may be considered in establishing the fact of agency. *Mullis v. Merit Finance Co.,* 116 Ga. App. 582, 585 (158 SE2d 415).

Thus, we have the denial of agency by the purported principal and agent, and the apparent contrary circumstances observed by the plaintiff. Does this create a material issue of fact? We find that it does not. "In passing upon a motion for summary judgment, a finding of fact which may be inferred but is not demanded by circumstantial evidence has no probative value against positive and uncontradicted evidence that no such fact exists." *Ussery v. Koch,* 115 Ga. App. 463 (1a) (154 SE2d 879); *LDH Properties, Inc. v. Morgan Guaranty Trust Co.,* 145 Ga. App. 132, 135 (243 SE2d 278). *McCurry v. Bailey,* 224 Ga. 318, 319 (162 SE2d 9), is not applicable to the factual situation of this case. "When uncontradicted and unimpeached evidence is produced as to the real facts, the inference disappears, and does not create a conflict in the evidence so as to require its submission to a jury." *Floyd v. Colonial Stores, Inc.,* 121 Ga. App. 852, 856 (176 SE2d 111); *Helms v. Young,* 130 Ga. App. 344, 348 (203 SE2d 253); *McElroy v. Wilson,* 143 Ga. App. 893, 896 (240 SE2d 155).

The trial court did not err in granting summary judgment to defendant Southeastern Fidelity Insurance Company.

*Judgment affirmed. Webb and McMurray, JJ., concur.*

ARGUED SEPTEMBER 6, 1978 — DECIDED OCTOBER 16, 1978.

*Peugh & Bradley, W. B. Bradley,* for appellant.
*Walter A. Scott, Jones, Cork, Miller & Benton, Thomas C. Alexander, Carr G. Dodson,* for appellees.