## 60596. BECK v. FIRST OF GEORGIA UNDERWRITERS COMPANY et al.

SOGNIER, Judge.

Ann Beck's complaint against First of Georgia Underwriters Company (Underwriters) and Nathan Dean, d/b/a Young Insurance Agency (Young) alleges that she purchased a policy of automobile insurance from Underwriters through Young, and Underwriters issued to her Policy No. AU13081. This insurance policy failed to include "No Fault" and uninsured motorist coverage when it was issued, which Beck alleges she requested from Young. Young is

alleged to be the agent of Underwriters. Beck alleges that the application for this insurance, filled out by Young rejecting the two disputed coverages and purporting to be signed by her, was actually signed by another person who was an employee of Young. Beck later had an auto accident and claims she suffered permanent injury therefrom, and resulting damages to her by reason of the lack of such coverage; for this damage she seeks recovery. Underwriters and Young filed answers denying the principal allegations. Underwriters moved for summary judgment based on Young's not being their agent but an insurance broker having no authority to issue policies of insurance for it but only to request the issuance in each individual case. Underwriters reserved the right to accept or reject such proposed insurance in each case. Underwriters claims this exempts them from responsibility for any fraudulent act alleged against Young pertaining to the application. This denial of agency by Underwriters was supported by affidavit specific in detail and based on affiant's personal knowledge. Beck's deposition was taken and she filed a counter-affidavit. Beck's testimony asserted that Young was the agent of Underwriters but admitted she had no dealings with Underwriters. The trial court granted summary judgment to Underwriters and Beck appeals, contending that a genuine issue of fact exists as to whether Young was the agent for Underwriters. This is the sole issue.

In a similar case, *Brewer v. Southeastern Fidelity Ins. Co.,* 147 Ga. App. 562, 563 (249 SE2d 668) (1978), our court held " '[t]he bare assertion or denial of the existence of an agency relationship is a statement of fact when made by one of the purported parties to the relationship; but when made by an outsider, bare assertions or denials are merely conclusions of law.' [Cits.]"

The affidavit presented by Underwriters and executed by Alexander, its general agent, denied the existence of agency and must be received as evidence of a fact which cannot be overcome by conclusionary affidavits. *Oglesby v. Farmers Mut. Exchange,* 128 Ga. App. 387, 390 (196 SE2d 674) (1973). Further, we note that Beck's testimony was equivocal, i.e., "His answer to me gave the impression that he had the authority . . . At no time was I ever advised or given the impression Mr. Dean did not have the authority."

"Q. You were aware he was writing for more than one company were you not?

"A. Yes sir."

This case is controlled by *Brewer v. Southeastern,* supra. We affirm the grant of summary judgment to the defendant, First of Georgia Underwriters Co.

*Judgment affirmed. Deen, P. J., and Birdsong, J., concur.*

DECIDED JANUARY 9, 1981.

*William J. Perry, T. Peter O'Callaghan, Jr.,* for appellant.
*Philip M. Williams, Wayne W. Gammon,* for appellees.