63893. BROWNING v. AMERICAN AND OVERSEAS TRAVEL COMPANY.

McMURRAY, Presiding Judge.
This is a case of the unpaid travel airline tickets. The question for decision is as to what party ordered same from a travel agency and as to whose responsibility it was to pay for same. The story begins when Browning and his attorney and Slaughter entered the office of the travel agency to buy a ticket to Monrovia, Liberia for the use of Slaughter. At that time they advised the travel agency that they were forming a company for the importation of lumber and Slaughter would be traveling back and forth between Atlanta and West Africa on business for this company. A company was formed (incorporated two days after the first ticket was purchased) known as West African Development Corporation, with Browning and Williams as directors. The first ticket for Slaughter was duly paid for on Browning's air travel card. A second ticket was again purchased for Slaughter and charged to Browning's air travel card. Browning contends these tickets were the only ones purchased by him for Slaughter and that he was not responsible for any other. Later, Slaughter purchased another ticket for himself and paid for it with his personal check. Thereafter, he purchased another ticket which was also paid for by check. Then he ordered a third ticket by telephone "and he said he would come in and pay by check," but this ticket was never paid for by

him.

The travel agency then contends that Williams called in and wanted a ticket for a named female to fly from Chicago to Geneva, Switzerland and back to Chicago. It also contends that this female was the secretary for Slaughter who was going to do the traveling for the business of importing lumber. The manager of the agency contends she then received an overseas call from Switzerland from Slaughter wanting the ticket in a somewhat different itinerary than that ordered by Williams. At that time she had made some reservations with reference to the flight numbers, but upon request for the change in the itinerary, she notified Williams who told her that if he (Slaughter) wanted the ticket made up differently to go ahead and do it that way, the way he (Slaughter) wanted it done. The ticket was to be a prepaid ticket, that is, paid for in the United States in Atlanta to be picked up in Chicago and thereafter used. No payment was ever made for this ticket, and subsequently Slaughter disappeared.

The travel agency, American and Overseas Travel Company, eventually sued William G. Browning and Richard I. Williams on open account with service upon their attorney for the unpaid tickets totaling $1,282 ($1,050 and $232).

A motion for summary judgment of the defendants was heard and denied and the case proceeded to trial before the court without the intervention of a jury. The court rendered its findings of fact setting forth, in substance the above, containing some admissions of the parties, as well as their contentions as to what occurred. It is quite evident that Slaughter's business venture for the importation of lumber was either unsuccessful or unproductive and his whereabouts are unknown. The court then concluded as a matter of law that the defendants were not liable for the purchase of the $232 ticket from Chicago but because of the business dealings and the procedure used in the purchase and reservation of airline tickets through an agency relationship, the authority of the agency was established as proof of agency by and through the principal's conduct in the course of dealings as established. Defendants were therefore held liable, jointly and severally, for the amount of $1,050 for the other unpaid airline ticket and reservation. Judgment was entered accordingly against them. The defendant Browning appeals. *Held:*

1. The defendant first contends that the plaintiff travel agency having contracted with the corporation was estopped to deny its existence as a corporation, citing *City of Jefferson v. Holder,* 195 Ga. 346 (24 SE2d 187). He further contends that the travel agency, in dealing with Slaughter, did so at its peril and should have ascertained the scope and extent of the agent's authority to bind the principal,

citing *Diamond Hill Gin Co. v. Swift & Co.,* 27 Ga. App. 95 (107 SE 350). However, the plaintiff contends and shows by evidence that this ticket was originally ordered by defendant Williams, one of the businessmen involved in this transaction, and that they were dealing on a cash basis and never dealt with the corporate entity. The defendant further contends that having denied the agency relationship the denial must be received as evidence of a fact which cannot be overcome by assertions of a third party not supported by the facts, citing *Brewer v. Southeastern Fidelity Ins. Co.,* 147 Ga. App. 562 (249 SE2d 668), and *Beck v. First of Georgia Underwriters Company,* 157 Ga. App. 73 (276 SE2d 124). Nevertheless, the evidence before the court disclosed that Williams originally ordered the ticket for Slaughter and then when the manager of the travel agency received information from Switzerland to change it she again called Williams to advise him of the change, to which he agreed. Further, "[t]he fact of an agency may be established by proof of circumstances, apparent relations, the conduct of the parties, and the declarations of the alleged agent — though the declarations of the agent are inadmissible if standing alone, but they become admissible as a part of the res gestae of the transaction and as such may be considered in establishing the fact of agency. *Mullis v. Merit Finance Co.,* 116 Ga. App. 582, 585 (158 SE2d 415)." *Brewer v. Southeastern Fidelity Ins. Co.,* 147 Ga. App. 562, 564, supra.

All of this witness's testimony as to the agency relationship is supported by facts, and the above cases are not controlling. Rather proof of agency may be made by showing circumstances, apparent relations and conduct of the parties. See *King v. Towns,* 102 Ga. App. 895 (4), 903-904 (118 SE2d 121). The evidence authorized the findings of fact and conclusions of law by the trial court. The trial court did not err in rendering judgment against this defendant.

2. The other enumerations of error are based on the denial of defendant's motion for summary judgment and motion to dismiss at trial. Here we find the evidence authorized the judgment as shown above. It is well settled that where a motion for summary judgment is overruled and the case is tried, if the evidence is sufficient to support the verdict, the appellate courts will not review the denial of the motion for summary judgment. See *Drillers Service, Inc. v. Moody,* 242 Ga. 123, 124 (1) (249 SE2d 607), and cits. See also *Mullinax v. Singleton,* 139 Ga. App. 704, 705 (1) (229 SE2d 518). Only if a judgment was demanded in favor of the movant would a reversal be proper. The remaining enumerations of error are not meritorious.

*Judgment affirmed. Banke and Birdsong, JJ., concur.*

DECIDED JULY 15, 1982.

*Mark A. Deininger,* for appellant.
*Nadeen W. Green,* for appellee.