## 72817. TIDWELL v. EMORY UNIVERSITY.
### (349 SE2d 245)

CARLEY, Judge.

Plaintiff-appellant applied for and was offered employment by defendant-appellee in the capacity of an "at will" research technician under the supervision of Dr. Vogler. It is undisputed that appellant was academically over-qualified for the position and that Dr. Vogler "told him if things worked out we would think about trying to keep him on, maybe getting him a non-tenured faculty" position. As a part of his duties as a research technician, appellant assisted Dr. Vogler in the preparation of an application for a two-year research grant, which application was to be submitted by appellee to the American Cancer Society (Society). The application, as it was finally submitted, listed Dr. Vogler as the "principal investigator." It also listed appellant as participating in the proposed research in the capacity of "co-investigator" at a salary in each of the two years which was higher than that he was then receiving as a research technician. According to appellant, Dr. Vogler never "specifically" told him that, should the grant be awarded, he would "have a job for the next two years. . . ." It was only appellant's "assumption" that if the grant was awarded, he "would have a job during the period of time of the research. . . ."

Appellee's proposal was accepted by the Society. Shortly after the grant was awarded, Dr. Vogler informed appellant that, notwithstanding his "significant contributions to [the grant] application, . . . things [had not] worked out well in his role as a technician, . . . primarily because of his difficulties in relating to other employees." Appellant was told that he would not participate in the research project at the higher salary and could continue in his present position at his current salary only if, among other conditions, he made "an effort to get along with other employees." Several months later, appellant's employment as a research technician was terminated as the result of "consistent difficulties . . . related to [his] interpersonal relationships among [his] fellow employees."

After his discharge, appellant brought the instant action, alleging that appellee had breached his two-year contract of employment as a

co-investigator on the research project funded by the Society's grant. As compensatory damages, appellant sought the salary that he would have received for employment in that position. Appellee answered, denying the material allegations of the complaint and raising, among its other defenses, the Statute of Frauds. After discovery, cross-motions for summary judgment were filed. The trial court, after conducting a hearing, granted appellee's motion for summary judgment. Appellant's motion for summary judgment was denied. Appellant appeals from the order granting summary judgment in favor of appellee and denying his motion for summary judgment.

1. From the evidence of record, it is clear that the written application submitted to the Society was no more than a solicitation on the part of appellee, seeking a specified amount of funding to support Dr. Vogler's proposed research. As the result of the award of the grant as solicited, appellee secured the funding but appellant secured no contractual rights of employment. The controlling provisions governing the grant specify that "the conduct of the investigation . . . [will be] under the direction of the grantee institution" and that "[p]ersonnel compensated in whole or in part with funds from a grant shall not be considered as employees of the American Cancer Society, but as employees of the grantee institution." There is nothing whatsoever to indicate that, in its conduct of the funded investigation, appellee would be required to secure the employment of any specific individual. Likewise, there is nothing to indicate that, on consideration of the award of the grant, appellee agreed to forego the exercise of whatever right it otherwise might have to dismiss any of its own employees who had been involved with the proposed project. Accordingly, if appellant has any contractual rights of employment in connection with the project, it is not as the result of appellee's successful written solicitation of funding from the Society. " 'A third-party beneficiary contract is one in which the promisor engages to the promisee to render some performance to a third person. [Cit.] It must appear that both parties to the contract intended that a third person should be the beneficiary.' [Cit.] 'The mere fact that [the third person] would benefit from the performance of the agreement is not alone sufficient.' [Cits.]" *LDH Properties v. Morgan Guaranty Trust Co.*, 145 Ga. App. 132, 133-134 (243 SE2d 278) (1978). It is clear that in soliciting and accepting the grant, appellee in no way legally obligated itself to the Society either to hire or to retain appellant in connection with the research project that was to be funded.

2. Appellant contends that the written application, although not a contract in and of itself, renders his oral contract of employment on the project enforceable, in that it shows that he was to be employed for a definite period of two years at a specific salary. However, under appellant's own testimony, he was never specifically promised em-

ployment on the research project. He merely assumed that, if the grant was awarded, he would be engaged in working on that research. "While 'a promise of another is a good consideration for a promise' ([cit.]), ' "the promise in each instance must be of such a character as to be capable of enforcement against the party making it. . . ." [Cit.]' [Cit.]" *McMurray v. Bateman*, 221 Ga. 240, 251 (144 SE2d 345) (1965). Appellant's subjective assumption as to Dr. Vogler's intent is not the equivalent of a definite promise of employment such as would be enforceable against appellee. "The fact that the plaintiff may have been put to disadvantage and injury by the [defendant's] conduct could not operate to create a *contract* between them. [Cits.]" (Emphasis in original.) *Taylor Lumber Co. v. Clark Lumber Co.*, 33 Ga. App. 815, 816 (3) (127 SE 905) (1925).

Because the evidence, even when construed most strongly in favor of appellant, fails to show the existence of any oral promise on the part of appellee, there is no need to discuss appellant's further contention that, by virtue of his part performance, a genuine issue of material fact remains as to appellee's Statute of Frauds defense. The statutory exceptions to the Statute of Frauds provide for limited circumstances in which the law will enforce an alleged oral promise against the promisor, notwithstanding the legal requirement that such a promise be in writing. Those exceptions do not supply the missing element of an underlying oral promise on the part of the alleged promisor.

3. The evidence shows that, at all times prior to the award of the grant, appellant was an "at will" research technician in appellee's employ. For the reasons discussed in Division 2, appellant had no oral contract to change his employment status. For the reasons discussed in Division 1, his employment status did not change as the result of the award of the grant. The trial court did not err in granting summary judgment in favor of appellee.

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

Decided September 18, 1986.

*Charles M. Hall*, for appellant.
*Gerald F. Handley*, for appellee.